## CAMP *v.* CAMP.

1. JUDGMENTS—RES ADJUDICATA—DIVORCE.

On a petition for a modification of a decree of divorce entered upon the default of the husband, and granted upon the ground of extreme cruelty, the parties are concluded as to other alleged misconduct of the defendant and as to the defenses which might have defeated the bill.

2. DIVORCE—COMPROMISE—CONTRACTS—ALIMONY—FRAUD.

A settlement of property rights made by the parties prior to the divorce, is not binding on the court upon a petition to modify the decree as to alimony, where it was shown that the complainant procured the compromise by false representations.

3. SAME — AMENDMENT AND REVISION — PERMANENT ALIMONY — HUSBAND AND WIFE.

The court in chancery has jurisdiction at any time to open and alter the provisions in a decree of divorce relating to the alimony to be paid, and that notwithstanding the parties consented to the order.

4. SAME—ALIMONY—AMOUNT.

An award of $50 a month, in addition to a cash payment of $1,000, for the care and maintenance of one of the two children of complainant, where the financial condition of the defendant had materially changed for the worse, is unreasonable, and the allowance should be reduced to $30 a month.

Appeal from Kent; Perkins, J.   Submitted June 16, 1909.   (Docket No. 118.)   Decided September 21, 1909.

Bill by Jessie May Camp against Talcott H. Camp for a divorce:   On petition of defendant for a modification of the decree respecting alimony.   From an order dismissing the petition, petitioner appeals.   Reversed, and decree modified.

*McKnight & McAllister*, for complainant.

*Dunham & Phelps*, for defendant.

GRANT, J.   Complainant and defendant were married April 24, 1899, and lived together as husband and wife until in August, 1907.   On September 18, 1907, she filed her bill, seeking a divorce on the ground of extreme cruelty.   He did not appear to defend the suit, and an order, *pro confesso* was entered.   Proofs were taken in open court, and a decree entered in her favor on November 25, 1907.

They had two children, a girl named Emily, seven years old, and a boy named Talcott, three years old.   By the decree the custody of the daughter was committed to the defendant, and the custody of the boy to the mother.   Before the case was heard the parties made a settlement of their property rights, by which he gave her $1,000 in cash and certain personal property, and agreed to pay $50 per month for the support and maintenance of the boy until he attained his majority.   It was further provided in the decree that the mother would have the right to have in her custody and control, not exceeding three months during any one year, the daughter, and the right to visit her at all other reasonable times, and that the father should have the right to the custody and control of the son in like manner for the same time, and the right to visit him at all other reasonable times.   This agreement was incorporated in the decree, as the defendant now claims, without his knowledge.

Eight days after the decree was rendered complainant went to Chicago, and was there married to a man named Preble.   Defendant married again on February 8, 1908. He was a traveling man, selling furniture upon commission.   He paid the allowance for the care of the son until March 1, 1908.   On May 18, 1908, he filed this petition asking for a modification of the decree of the allowance for the care of the son.

In this petition he details at length their married life; and, if the allegations he there makes are true, she was not entitled to a divorce, and he should have contested the case.   She filed a long answer to the petition, charg-

ing him with gross and vile misconduct in disregard of his marital relations, of which she makes no claim that she was not informed at the time she filed her bill. To her answer the defendant filed an answer, denying in detail all the charges made by her. If her allegations of misconduct are true, the defendant was an unfit person to have charge and control of his daughter, and no mother with a proper regard for her daughter would have consented to commit to such a man her care, custody, and education. All these charges and counter charges, however, were settled in the divorce suit, and cannot be reconsidered and retried in this petition. *Smith* v. *Smith.* 139 Mich. 133 (102 N. W. 631).

He now charges that the settlement agreement was obtained by fraud and misrepresentations on her part. The chief charge of fraud is that she falsely represented that she would be compelled to go to work to obtain money for her support and that of her boy; that she had made arrangements to do so, and would be compelled to employ a nurse to take care of him, whereas in fact she was then engaged to be married as soon as the divorce was obtained, and, prior to the granting of the decree, had moved many of her household goods to the house of her prospective husband.

. The statute (3 Comp. Laws, § 8641) authorizes courts of chancery to at any time, on the petition of either party, revise and alter the decree as to alimony or allowance for the support of minor children. The learned circuit judge held that the only remedy of the defendant was by a direct proceeding to set aside the contract of settlement. In this we think he was in error. It is immaterial whether the decree for alimony and the support of children is incorporated in the decree by the consent of the parties, or by a determination of the court. When once incorporated in the decree the court obtains jurisdiction to revise it at any time thereafter. The sole question, therefore, is whether the defendant by his petition and evidence has made a case entitling him to any modification.

In determining this question the court may take into consideration the altered condition of the complainant, the conditions under which the amount of alimony and allowance was fixed at the time of the decree, and the financial condition of the defendant. By the decree complainant obtained a thousand dollars in cash, and nearly all of the household goods, under the representation that she would be compelled to go to work to earn money for herself, and would have to employ some one to take care of her child. Defendant's father was dead, and he believed at that time that he would receive from the estate about $15,000, but upon the closing of the estate his share was only about $1,500. He borrowed the thousand dollars from his mother, and mortgaged his share of the estate as security. By her immediate marriage she was relieved from her own support, and was provided a home for herself as well as her child. Under these circumstances and the present condition of the parties, we think $50 a month an unreasonable allowance, in view of the fact that he has himself and his daughter to support. Thirty dollars per month is a reasonable allowance.

The decree of the court is therefore reversed, and decree entered in this court for the payment of $30 per month for the support of the child, until the further order of the court; this allowance to date from the time of the filing of the petition, May 18, 1908. No costs will be allowed.

BLAIR, C. J., and MONTGOMERY, McALVAY, and BROOKE, JJ., concurred.