ALDRICH *v.* ALDRICH.

1. DIVORCE—ALIMONY—DECREE—AMENDMENT—MODIFICATION.
   Notwithstanding that the terms of a decree for divorce awarding alimony were determined by the agreement of complainant and defendant, the court of equity may modify the decree upon petition showing a sufficient change in circumstances of the husband. 3 Comp. Laws, § 8641.

2. SAME—MODIFICATION OF ALIMONY—CHANGE IN CIRCUMSTANCES.
   That stock awarded to defendant by the decree had largely increased in value, that the husband had remarried and had one more child, and that his cost of living had increased and his salary remained the same, constitute such a change of conditions as to justify the reduction of alimony from $125 to $90 per month.

3. SAME—EDUCATION OF INFANT CHILDREN.
   It was not, however, a change of condition where the children were receiving their education in Europe at the time of the petition but had remained abroad for five or six years, and were there when the decree was entered.

Appeal from Wayne; Donovan, J. Submitted April 13, 1911. (Docket No. 146.) Decided June 2, 1911.

Bill by Thomas B. Aldrich against Fanny Aldrich for divorce. Several years after the entry of a decree awarding defendant a divorce on her cross-bill, and fixing the amount of alimony, complainant filed a petition praying for a reduction in the amount thereof. From an order denying the relief prayed, petitioner appeals. Reversed.

*Lucking, Emmons & Helfman,* for complainant.

*Charles G. Scheibner,* for defendant.

BIRD, J. The parties to this suit were divorced by the Wayne circuit court in 1908, and a decree for permanent alimony was awarded to the defendant on her cross-bill. In July, 1910, the complainant filed his petition to obtain a modification of the decree for alimony. His petition was denied by the trial court, and he has appealed.

The petition shows that the parties were married in 1893, and that two daughters were born to them, who are now of the ages of 13 and 16 years, respectively. The complainant is now, and has been for many years, an expert chemist in the employ of Parke, Davis & Co., receiving an annual salary of $3,000. In 1907 the complainant instituted divorce proceedings, charging the defendant with extreme cruelty, and prayed for affirmative relief. Early in 1908 complainant obtained leave of the court to withdraw his bill of complaint, after which the defendant obtained a decree of divorce *pro confesso* on her cross-bill, and was awarded permanent alimony and custody of the children. The terms of the decree for permanent alimony were agreed to by the parties and were as follows: One hundred shares of stock of the Parke, Davis & Co., subject to an incumbrance of $25 per share, $125 per month, and a requirement that complainant should take out a policy of insurance on his life for $3,000, payable to defendant, at an annual cost of $60. For two years prior

to the granting of the divorce, defendant was in Europe with her two children. They have resided there ever since, and the children are now in a private school at Bordighera, Italy, at a monthly expense for tuition of $30. About a year after the decree was granted, complainant remarried, and has one child by the second wife.

The complainant asks for a modification of the decree for alimony on the grounds:

(*a*) The complainant has lost his property and has become, insolvent; that his assets are $400 or $500 less than his debts.

(*b*) He cannot attend to the duties of his position on account of his financial worry, and is threatened with discharge.

(*c*) That living expenses have advanced 35 per cent. since the decree.

(*d*) That the stock awarded to Mrs. Aldrich has appreciated in value, and is now worth $5,000, free and clear from all incumbrance.

(*e*) That against the wishes of Mr. Aldrich his children have been kept in Europe for the past five or six years.

In her answer to the petition, the defendant shows that her living expenses have increased since the date of the decree. She shows that she is not an able bodied woman, and that she has recently been ill with scarlet fever, and that as a result of the fever she is troubled with rheumatism and other ills, and that to meet the extraordinary expenses of her sickness and the education of her children she was compelled to sell 50 shares of said stock; that from the proceeds she paid the incumbrance, which was a lien on the other 50 shares, and has been obliged to expend the balance for her daily expenses. She further alleges that the children have nearly accomplished the completion of certain courses of study, which will help them to earn a living, and that if the court should order a change in said decree, as prayed by the complainant, the children would be left destitute, and would be thrown on their own resources, except such as could be furnished by the de-

fendant.    After a hearing on this petition and answer, the trial court denied the prayer of the petitioner because he was of the opinion that he had no power to modify a decree for alimony which had been consented to by the parties.

The trial court was in error in assuming that he had no power to modify the decree because it has been consented to by the parties.    *Camp* v. *Camp*, 158 Mich. 221 (122 N. W. 521).    The statute (3 Comp. Laws, § 8641) confers upon circuit courts in chancery the express authority to revise decrees for alimony or allowances for the wife and children.    This statute was enacted for the benefit of the children as well as the parents, and any agreement which the parents may make in the settlement of alimony ought not to and does not bind the conscience of the court as to what is for the welfare of the children.

The question then is, Does the testimony show such changed conditions as would authorize the court to modify the decree ?    The petitioner shows that he has less property and less income than when the decree was made, and that what he now receives will purchase far less by reason of the increased cost of living.    It seems to be conceded that defendant's property has enhanced in value and increased her income since the rendition of the decree. It is agreed that the Parke, Davis & Co.'s stock which she holds is now of the value of $5,000 and is free and clear of incumbrance.    This stock is worth very much more and the income therefrom is very much greater than when she received it.

It also appears that the children are being educated at a private school in Europe, and the father, who is furnishing the money for their support and education, has not seen them for five or six years.    It is claimed that this constitutes a change of condition.    There would seem to be no good reason why the children should not be returned to their native land and educated in the public schools, where the father can see and visit them, but we cannot hold that keeping them abroad is a changed condition be-

cause they were there and had been for two years when the decree was made.

On account of the changes which have been wrought in the financial condition of the parties since the date of the decree, and the increase in complainant's family, we are moved to modify the decree for alimony by reducing the monthly allowance from $125 to $90 per month; this reduction to take effect upon the filing of this opinion.

The order of the trial court is reversed, and one entered in accordance herewith. No costs will be allowed either party.

OSTRANDER, C. J., and HOOKER, BLAIR, and STONE, JJ., concurred.