### EDWARDSON v. EDWARDSON.

DIVORCE — ALIMONY — SEPARATION AGREEMENT NOT ANNULLED BY CASUAL ACTS OF INTERCOURSE WHERE NO ANNULMENT INTENDED.
Casual acts of intercourse and cohabitation between husband and wife would not have the effect of avoiding a separation agreement duly made by them and fully satisfied by defendant, where there was no such intention on the part of the parties, and the decree of divorce avoiding said agreement and awarding alimony to plaintiff is modified, on appeal, by regarding the amount paid under said agreement as a provision in lieu of dower to satisfy 3 Comp. Laws 1915, § 11436.[1]

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 24, 1924. (Docket No. 150.) Decided December 10, 1924.

---

[1]Divorce, 19 C. J. § 584.

Bill by Emilie Edwardson against Edwin Edwardson for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Willard G. Turner, Jr.,* for plaintiff.

*Cross, Foote & Sessions,* for defendant.

CLARK, C. J.    From a decree for divorce defendant has appealed.    The only question requiring consideration is whether the court was right in awarding alimony and in holding that a separation agreement duly made by and between the parties and fully paid and satisfied by defendant had been avoided by reconciliation and resumption of marital relations after the making of the agreement.

The parties are in conflict as to facts, but, giving to plaintiff's testimony full credit, it shows, over a period of several months after the making of the agreement, casual acts of sexual intercourse and cohabitation at the place where plaintiff resided, not at defendant's home.    Plaintiff testified that defendant on one or two occasions invited her to his home in the absence of his daughter; that she refused and—

"*Q.* Why did you refuse?

"*A.* Because I thought I didn't want to go up there and stay with him when his daughter was away and then go out when she come back.    I don't think I have to go out of the back door for anybody.    I ain't that kind of a woman.    I don't go and stay with a man during the night and then—

"*Q.* Why didn't you go back there and take up your name and go on and live there as husband and wife in their own home?

"*A.* Because he didn't invite me to do that.    He didn't want to clothe me and support me.    He said if I went back to him I would have to buy my clothes.

"*Q.* He didn't want you to come to him then?

"*A.* Not to live with him, except for pleasure, that is all."

The testimony quoted indicates the purpose of such cohabitation as there was.   The record fails in proof to establish an intent or purpose to renounce the separation agreement, and such proof was essential to setting it aside.   The case is ruled by *Miller* v. *Miller*, 227 Mich. 684, which see.

Plaintiff is not entitled to alimony.   The amount paid under the agreement will be regarded as a provision in lieu of dower to satisfy 3 Comp. Laws 1915, § 11436.

The decree so modified is affirmed, without costs.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.