HENRY P. BRANZ, APPELLANT, V. HARRY I. HYLTON, EXECUTOR, ET AL., APPELLEES.

FILED FEBRUARY 14, 1936. No. 29520.

*C. E. Sandall, C. F. Stroman* and *Calvin Webster,* for appellant.

*Kirkpatrick, Good & Dougherty* and *J. C. Quigley, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

Plaintiff appeals from a denial by the district court of a revivor of a judgment originally entered against Robert Brown and others.

March 1, 1920, Alfred E. Green and wife made their principal note for $6,000 with 10 interest coupon notes attached, all in favor of Robert Brown. They gave to Brown their five-year mortgage on 160 acres of land in Cherry county to secure the loan. April 22, 1921, Brown sold and

assigned the notes and mortgage to Henry Branz, through whom, by mesne assignments of the notes and mortgage, and of the judgment, the deficiency judgment based upon a foreclosure of the mortgage has come to be owned by the present plaintiff.

In 1926 Ernest Branz began a suit to foreclose the mortgage for nonpayment of interest and taxes. Brown was made a party. After a decree of foreclosure and a sale of the land, a deficiency judgment was entered September 27, 1927, against Robert Brown (and others) for $4,480.48, with interest at 10 per cent. from that day. It is stipulated that Robert Brown died intestate in York county, that his will was there probated on September 26, 1932, that defendant Hylton is his executor, and the other defendants are the only persons interested in his estate.

This particular proceeding was begun by filing an affidavit for a conditional order of revivor on August 31, 1933. When a conditional order of revivor was served, defendants answered that the pretended judgment is utterly null and void, for that it was not sustained by the pleading, is outside the pleadings or issues in the foreclosure case in which it was rendered, and is contrary to the averments of the pleadings in that action.

The suit for foreclosure upon which the deficiency judgment was based was brought by Ernest Branz who had, by assignment, become the owner of the Brown note and mortgage. To show his title to the notes and mortgage he pleaded that on the 22d day of April, 1921, defendant Robert Brown, for full consideration, assigned in writing and delivered the promissory note and mortgage to Henry Branz. Then followed, in the petition for foreclosure, a full copy of the assignment of the mortgage (describing it). This assignment pleaded contained the following words: "Together with the notes or mortgages therein described, without recourse or in any event or for any cause." While the petition set out the notes and coupons in full, it pleaded no indorsement or assignment by Brown other than the above quoted assignment.

In this foreclosure Brown was duly summoned as a non-resident of the county but made no appearance. Somehow, notwithstanding plaintiff's plea that Brown had transferred the notes and mortgage to plaintiff's assignor without recourse, the decree of foreclosure found that Brown was personally liable on the principal note and coupons and that plaintiff should have a deficiency judgment if there should be a deficiency after application of the proceeds of the sale. The judgment sought to be revived resulted. It was entered by a visiting judge. The proceedings to revive were heard by the resident judge who had also entered the original decree of foreclosure. After a full hearing upon the pleadings and evidence he held "that the purported judgment sought to be revived herein is *coram non judice* and null and void and that an order for the revivor thereof should be denied."

Plaintiff assigns error because the judgment was allowed to be attacked collaterally.

When duly served with summons in the foreclosure case, it was the duty of Robert Brown to inspect the petition or abide the consequences of his failure to plead and give evidence to defeat the proof of any facts alleged against him. But if the petition alleged no facts upon which the court could render a judgment against him, it would make no difference whether he knew the contents of the petition or whether he pleaded or offered proof of any fact whatever. It is true that the petition prayed a deficiency judgment against Brown, but the failure of a plaintiff to allege facts. sufficient to raise a liability against a defendant cannot be aided by a prayer for a deficiency judgment against such defendant. Especially is this true where the allegations of fact negatived the right to a judgment. "The prayer for relief does not constitute a part of the statement of the cause of action." 49 C. J. 173. "A prayer for equitable relief is of no avail, unless the petition states facts which will authorize the court to grant such relief." *Emanuel v. Barnard,* 71 Neb. 756, 99 N. W. 666.

"It is also a general principle of law that a court cannot

set itself in motion, nor has it power to decide questions except as presented by the parties in their pleadings. Anything that is decided beyond them is *coram non judice* and void. Therefore where a court enters a judgment or awards relief beyond the prayer of the complaint or the scope of its allegations the excessive relief is not merely irregular but is void for want of jurisdiction, and is open to collateral attack." 15 R. C. L. 854, sec. 328.

. A well-reasoned and leading case on the subject is *Munday v. Vail* (1871) 34 N. J. Law, 418. The syllabus says: "A decree in equity, which is entirely aside of the issue raised in the record, is invalid, and will be treated as a nullity, even in a collateral proceeding." The opinion is clear and learned. It goes back into the English cases and brings their reasoning forward to the present.

In *Reynolds v. Stockton*, 140 U. S. 254, 35 L. Ed. 464, 11 Sup. Ct. Rep. 773, Mr. Justice Brewer wrote the opinion. It quotes nearly two pages from the reasoning in *Munday v. Vail, supra,* from which the syllabus we have quoted was deduced, and then says: "This case is very much in point. We regard the views suggested in the quotation from the opinion as correct, and as properly indicating the limits in respect to which the conclusiveness of a judgment may be invoked in a subsequent suit *inter partes.*" The syllabus in *Reynolds v. Stockton* says: "When a defendant appears in an action in a state court and responds to the complaint as filed, but takes no subsequent part in the litigation, and on those pleadings a judgment is rendered in no way responsive to them, he is not estopped by the judgment from setting up that fact in bar to a recovery upon it."

Another fine case holding that, where an issue is not raised but is sought to be concluded by a judgment, such a judgment is subject to collateral attack, is *Charles v. White,* 214 Mo. 187, 112 S. W. 545.

*Lincoln Nat. Bank v. Virgin,* 36 Neb. 735, 55 N. W. 218, a collateral attack case, held: "A judgment of a court upon a subject within its general jurisdiction, but which is not brought before it by any statement or claim of the parties,

and is foreign to the issues submitted for its determination, is a nullity."

We are of the opinion the judgment of the district court was right.   It is

AFFIRMED.