## COMMISSIONER OF INTERNAL REVENUE v. TUTTLE.

### No. 7156.

Circuit Court of Appeals, Sixth Circuit.

April 6, 1937.

Louise Foster, of Washington, D. C. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for petitioner.

Ward H. Peck, of Detroit, Mich., for respondent.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

Whether the income of an irrevocable trust for the benefit of the respondent's divorced wife constitutes his income is the subject matter of this controversy. The problem presents a somewhat different aspect from those considered in Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L. Ed. 211; Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009, and Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391, and requires consideration of local law not controlling in the above cases.

The respondent in 1930 was a stockholder, director and treasurer of the S. S. Kresge Company, and the owner of more than 30,000 shares of its capital stock. A suit for divorce instituted in Michigan by his wife was then pending. In February he entered into a written agreement with his wife and the Union Trust Company whereby he agreed to deliver to the Trust Company 30,000 shares of Kresge stock, to be held by it in trust for specified purposes. The trustee was to pay to the wife as beneficiary the net income from such stock in regular monthly installments during her lifetime, but was to execute a proxy to the respondent granting him complete voting rights in such stock, and the trust was to cease upon the death of the beneficiary. The agreement further provided that upon the death of the beneficiary subsequent to the death of the trustor the entire corpus and income of the trust should pass to the respondent's son or his issue, but that in case the trustor and the son survived the beneficiary, the corpus and income should revert to the trustor, on condition, however, that within ninety days from the date of the beneficiary's death the trustor should agree in writing to execute a will with specified provision for the son, the failure of the trustor to execute such agreement within the specified time to pass the entire trust estate to the son. If the beneficiary should die subsequent to the death of the son the trustor was to receive the trust estate, and if the beneficiary should survive both the trustor and his son the trust estate on her death to go to charity.

The beneficiary agreed that she would accept the covenants and agreements of the trust instrument in full and complete settlement, satisfaction and discharge, of her dower rights, and all other rights in the petitioner's property, and also "In full settlement, discharge and acquittance of any right * * * to support, maintenance, and/or alimony, temporary or permanent; and. * * * of all right, claims

or interests * , * * arising out of the pending divorce action, or arising out of any subsequent litigation for divorce or separate maintenance or otherwise * * *; it being the intention of the parties that this instrument is and shall be construed as a jointure and complete settlement, effective as of this date and operative forever under all circumstances and regardless of the outcome or disposition of the pending suit for divorce between the parties of the first and second parts."

Later, on the same day, a decree of divorce was granted to the wife by the Wayne circuit court of Detroit, Mich. By the decree the marriage was dissolved, and in it the following provision was incorporated:

"And it having appeared that the parties have consummated a settlement in full satisfaction of all property matters, matters of dower, inheritance, support, allowances, and temporary and permanent alimony between the parties hereto, to which reference is made, it is ordered, adjudged and decreed that the said payments shall be in full satisfaction and settlement of any and all dower or dower rights of the plaintiff in and to the property of the defendant, and that the said defendant hereafter hold and enjoy his property, both real and personal, free and clear, of and from all dower rights or claim of plaintiff."

Thereafter the respondent transferred to the trustee 30,000 shares of the capital stock of the Kresge Company, and the stock was reissued to the trustee. Subsequently all dividends on the stock were paid to the trustee, except that a first dividend thereon was included in a check to the respondent and was promptly remitted by him to the trustee. The Trust Company during the year 1930 paid to the beneficiary in equal monthly installments of $3,960 each the sum of $39,600. None of the money was received by the respondent, nor was it reported by him as income for the year 1930. In respect to it the Commissioner declared a deficiency. The respondent sought a redetermination from the Board of Tax Appeals, which held him not liable to the tax on the income of the trust. This appeal by the Commissioner followed.

It has been held that money paid to a divorced wife under a decree for alimony is not income of the wife but is paid in discharge of the general obligation to support, which is made specific by the decree. Gould v. Gould, supra; Audubon v. Shufeldt, supra. There followed Douglas v. Willcuts, supra. Therein the taxpayer, by agreement with his wife and the Minneapolis Trust Company, transferred securities in trust for his wife's benefit, out of the income of which the trustee was to pay the wife annually a specified sum, with deficiencies to be made up by the taxpayer, who was entitled to receive excess income, to have the property returned to him upon the death of the wife, and to designate securities for investment, subject to the approval of the trustee acting for the wife. It was stipulated that the provisions for the wife were "in lieu of and in full settlement of alimony, and of any and all dower rights or statutory interest in the estate" of her husband. Three days later Mrs. Douglas obtained an absolute divorce by decree which provided that the defendant create a trust fund as set out in the agreement. The Supreme Court held the income of the trust to be the income of the trustor and not that of the beneficiary.

Careful consideration of Douglas v. Willcuts leads to the conclusion that decision was based on the fact that the income of the trust estate was alimony under the provisions of the Minnesota statute and the terms of the decree. By the statutes of Minnesota the court is empowered upon divorce to decree part of the husband's estate to the wife, and also such alimony as it may deem just and reasonable. It may appoint trustees whenever expedient to receive money ordered to be paid to the wife, invest it and pay the income for her support. It may from time to time revise and alter the decree with respect to the alimony or allowance, and also with respect to the appropriation and payment of principal and interest of property held in trust, and in exercising this authority it is not precluded by stipulations and agreements of the parties. They do not control the court, and it may adopt or reject them as it deems best. When they are approved and embodied in the decree, they do not detract from the authority of the court to alter or revise the decree. The Minnesota court did not approve the trust agreement as one deriving efficacy from the action of the parties. It made its own requirements. It

provided that the petitioner create the trust fund, and it was from this action of the local court that the Supreme Court considered the trust to have derived its force.

Under Michigan law, however, parties to a divorce action may enter into a property settlement by which, in the absence of fraud, duress or mutual mistake they will be bound. West v. West, 241 Mich. 679, 217 N.W. 924. The Michigan statute requires every decree of divorce to make provision in lieu of dower (section 12766, Comp.Laws 1929), and a decree with respect to dower which incorporates a property settlement agreement may not be amended, for it is controlling. Belting v. Wayne Circuit Judge, 245 Mich. 111, 222 N.W. 137; Kutchai v. Kutchai, 233 Mich. 569, 207 N.W. 818. While provision in lieu of dower is mandatory, an award of alimony is not. Edwardson v. Edwardson, 229 Mich. 66, 201 N.W. 223. It will not be granted unless sought, but once incorporated in the decree the court may revise in this respect at any time thereafter. Camp v. Camp, 158 Mich. 221, 122 N.W. 521; Aldrich v. Aldrich, 166 Mich. 248, 131 N.W. 542. To permit modification respecting alimony, however, allowance thereof must be made in the original decree. Kutchai v. Kutchai, supra; Harner v. Harner, 255 Mich. 515, 238 N.W. 264. An order for alimony, either permanent or temporary, is therefore enforceable by proceedings for contempt, but other orders for payment of money are not so enforceable. Belting v. Wayne Circuit Judge, supra. A final decree for general payment of money is a debt—for payment of alimony it is not. Toth v. Toth, 242 Mich. 23, 217 N.W. 913, 56 A.L.R. 839.

It was competent for the parties to enter into the terms of a settlement agreement in contemplation of divorce. Such agreement is recognized as final and conclusive between the parties in the absence of fraud, duress, or mistake, and its efficacy as well as its finality springs not from the order of the court but from the consent of the contracting parties. It may not thereafter be amended or revised by the court. We come then to the terms of the decree. While it recites that the parties have consummated a settlement in full satisfaction of various matters, including temporary and permanent alimony, yet, in so far as it imposes an obligation upon the defendant in the divorce proceedings, it adjudges and decrees that the payments provided in the settlement agreement shall be in full satisfaction and settlement of any and all dower or dower rights and nothing more. It is not a decree for alimony.

It cannot be doubted that in making a settlement with his wife in contemplation of divorce under Michigan law the respondent might have paid her a lump sum in money, or deeded to her certain property. The rentals from such property, or the return on the money if invested, would be her income and not his. Or he might have settled upon her a life estate in property. Its income would not thereafter be his income. If he had bought for her an annuity, its avails would likewise be her income. We are unable to distinguish from these examples an irrevocable assignment for life without limitation or restraint of the total income of specified securities.

Another important distinction between the present case and Douglas v. Willcuts, supra, is this: The settlement there provided for a specified payment in money through the trustee to the wife. Payment was secured by the transfer of securities in trust. The transfer was but for security, however, since deficiencies were to be made up by the settlor and excess income was to be paid to him. Finality was not achieved by the agreement. Here the transfer, so far as it operates, is absolute. There is no guaranty of return, no obligation to make up deficiency, no reservation of excess income, no right retained to change or substitute securities. The wife definitely and finally accepted the income from a certain amount of property, whatever it might prove to be, in settlement of her claims to dower and other rights. There remained no continuing obligation on the part of the respondent for support and maintenance, no debt to be paid out of his income, either actually or constructively. Upon the creation of the trust the trustor's obligations to his wife under both the contract and the decree were fully and finally liquidated.

We conclude that Douglas v. Willcuts does not reach the present case, and that the Board of Tax Appeals' decision

116

was right. We do not share the fears of the dissenting Board member that it is an open invitation to tax evasion. A trust settlement of securities in lieu of dower which entails surrender by the settlor of all benefit of increase in expectable income, and on the part of the beneficiary a hazard that income may be much less or none at all contributes little to the technique of evasion.

The decision of the Board of Tax Appeals is affirmed.