ERNEST L. REEKER, APPELLEE, v. CECILIA G. REEKER, APPELLANT.

41 N. W. 2d 231

Filed February 16, 1950. No. 32735.

*Thomas E. Conley, George Evens,* and *Harry C. Alberts,* for appellant.

*R. J. Shurtleff* and *Frederick M. Deutsch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action was commenced as one for divorce by Ernest L. Reeker, plaintiff and appellee here, against Cecilia G. Reeker, defendant and appellant here. After a trial to the court a decree was entered granting a divorce to plaintiff.

Though the briefs of appellant would indicate otherwise an examination of the transcript discloses that this is not an appeal from the decree of divorce. It is only an appeal from an order of the court refusing under its discretionary power to vacate and set aside the decree within six months of the date of entry thereof.

The decree granting the divorce was entered July 14, 1949. On August 6, 1949, a decree was entered fixing permanent alimony for the defendant and confirming the decree of divorce entered July 14, 1949. On August 17, 1949, the defendant filed a motion for new trial. This was not filed within the time provided by law for the filing of motions for new trial and it was withdrawn by the defendant on September 3, 1949. The motion for new trial was refiled on September 3, 1949, but of course this was of no avail. On August 29, 1949, the defendant filed a motion to vacate the decree which was termed an amended and substituted motion. Two previous such

motions had been filed and overruled. They had however been filed before August 6, 1949, the date of the entry of decree fixing alimony and confirming the decree for divorce. This final motion to vacate was overruled on September 3, 1949. No motion for new trial was filed attacking the ruling on the motion. An appeal was however taken from the ruling.

The defendant predicated her application to have the decree vacated upon section 42-340, R. S. 1943, which permits of an application to vacate or modify a decree of divorce within six months from the trial and decision by either of the parties. Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790. Her theory is that the trial court abused its discretion in refusing and failing to grant her application.

In the opinion in Pittman v. Pittman, *supra,* it was said: "The statute correctly interpreted and applied permits either party to a divorce action within six months of the date of entry of decree to make application to have the decree set aside or modified, and the court for good cause shown may in the exercise of sound discretion set it aside or modify it."

It will be observed that the discretion reposed in the court to vacate or modify its decree depends upon a showing of good cause for so doing.

In the record in this case this requisite of the right of the court to exercise its discretion does not appear. It is true that the defendant filed her motion which was verified. Had it been presented to the court in an appropriate manner or had it been supported by other evidence either or both of which had been preserved in a bill of exceptions, there would have been something upon which to base a review of the discretion exercised by the trial court. This however is not true. Though the application was resisted and a hearing was afforded on the application the defendant chose neither to offer the sworn motion in evidence nor to offer any other evidence in its support. It is true that the evidence taken on the

trial of the divorce action is brought here in a purported bill of exceptions yet it was at no point in the hearing offered in support of the motion to vacate the decree.

In this state of the record the rule that affidavits used in the district court upon the hearing of a motion and not preserved in a bill of exceptions will not be considered on appeal is applicable and the only conclusion that can be reached is that there has been no record presented which will permit of a review of the discretion exercised in this case by the trial court. Wytoski v. Kiolbassa, 96 Neb. 173, 147 N. W. 126; Taylor Dairy Products Co. v. Owen, 139 Neb. 603, 298 N. W. 332.

The order overruling the motion to vacate and set aside the decree is affirmed.

AFFIRMED.