JANE E. ROBERTS, APPELLEE, v. CARROLL P. ROBERTS, APPELLANT.

59 N. W. 2d 175

Filed June 12, 1953. No. 33299.

*D. O. Dwyer* and *W. L. Dwyer*, for appellant.

*Chauncey E. Barney*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Jane E. Roberts, brought this action seeking a divorce from defendant, Carroll P. Roberts. Her petition, filed May 3, 1952, alleged extreme cruelty and prayed for an absolute divorce, restoration of her maiden name, suit money, costs, attorney's fees, and such other and further relief as may be just and equitable. On May 5, 1952, defendant signed and acknowledged a voluntary appearance, thereby specifically waiving issuance and service of summons or other notice of the pendency of such action, but reserving statutory time to

plead, which was filed May 8, 1952. However, defendant intentionally did not answer, whereupon his default was entered, and on June 18, 1952, evidence was adduced upon the issues presented by plaintiff's petition. Subsequently on June 19, 1952, a decree was rendered which awarded plaintiff an absolute divorce, $1,500 permanent alimony, restored plaintiff's maiden name, and taxed costs, including $150 attorney's fees, against defendant.

Thereafter, on June 26, 1952, defendant filed a motion to set aside the decree and give defendant leave to file answer allegedly tendered therewith but which does not appear in the record. The alleged grounds for such motion were substantially: (1) That the evidence was insufficient to support a decree of divorce; (2) that the judgment for alimony was not within the issues made by plaintiff, who repeatedly prior to answer date assured defendant that upon default she would not seek alimony; and (3) that defendant made no appearance in reliance upon such assurance by both plaintiff and her attorney, which fact was called to the attention of the court by plaintiff's attorney before decree was rendered. Such motion was supported by affidavits which were offered in evidence at a hearing thereon on September 6, 1952, whereat plaintiff's attorney also, without reservation, made full disclosure and offered in evidence all correspondence between the parties from inception of the action until the decree was rendered. The motion was overruled on the same date, and defendant appealed, assigning as error that the trial court erred: (1) In granting plaintiff a divorce; (2) in awarding plaintiff alimony; and (3) in overruling defendant's motion to set aside the decree. We conclude that the trial court did not err when it awarded plaintiff an absolute divorce, restored her maiden name, and taxed costs against defendant, including $150 attorney's fees as a part thereof, but that the award of $1,500 permanent alimony to plaintiff was erroneous, and the decree should be and

hereby is modified to set aside and vacate the allowance thereof.

This court recently, in Killip v. Killip, 156 Neb. 573, 57 N. W. 2d 147, reaffirmed the rule that: "Extreme cruelty may consist of personal injury or physical violence, or it may be acts or omissions of such character as to destroy the peace of mind or impair the bodily or mental health of the one upon whom they are inflicted or toward whom they are directed, or be such as to destroy the objects of matrimony." See, also, Peterson v. Peterson, 153 Neb. 727, 46 N. W. 2d 126, wherein it was reiterated that: "A general rule by which to measure the exact amount or degree of corroboration required in a divorce case cannot be formulated and each case must be determined upon its facts and circumstances."

In the light of such rules we have examined the record. To recite the evidence relating to the marital difficulties of the two young people involved, who lived together less than 2 years, accumulated no property, and had no children, would serve no useful purpose. It is sufficient for us to say that the evidence adduced by plaintiff was amply sufficient to support and sustain the awarding of an absolute divorce to plaintiff from defendant. The fact is that defendant willfully defaulted, well knowing that such decree would and should be granted.

The applicable general rule is that: "Where a default has been regularly entered it is largely within the discretion of the trial court to say whether the defendant shall be permitted to come in afterwards and make his defense and, unless an abuse of discretion be made to appear, this court will not interfere.

"It is the spirit and policy of the law to give every party an opportunity to prosecute or defend his case in court and courts will never deny such right except for the fault or gross laches of such party or his authorized attorney." Barney v. Platte Valley Public Power & Irr. Dist., 147 Neb. 375, 23 N. W. 2d 335.

As stated in Benson v. General Implement Corporation,

151 Neb. 234, 37 N. W. 2d 223: "The application of the foregoing general rules, however, is dependent entirely upon the facts appearing in each particular case. In other words, the factual showing made by the parties determines whether or not the trial court has abused its discretion." Under the situation here presented, we conclude that the trial court did not abuse its discretion and properly refused to set aside or vacate that part of the decree awarding plaintiff an absolute divorce, restoring her maiden name, and taxing costs, including attorney's fees, to defendant.

The primary issue here, in any event, is validity of the allowance of alimony under the unusual circumstances presented, and the power of the court to grant relief therefrom.

In that connection, this court held in Reeker v. Reeker, 152 Neb. 390, 41 N. W. 2d 231: "By section 42-340, R. S. 1943, either party to a divorce action may within six months of the date of entry of decree make application to have the decree set aside or modified.

"If a motion to set aside or modify a decree of divorce is made pursuant to statute, the court may in the exercise of a sound discretion grant it and vacate or modify the decree." See, also, Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790, wherein it was held: "The right to vacate or modify a decree of divorce within six months is not absolute but must be exercised within a sound judicial discretion.

"In order that it may be said that the court exercised a sound judicial discretion in vacating or modifying a decree of divorce good reason therefor must be shown and it must also be shown that such action would not produce an unconscionable result."

An examination of the record in the case at bar discloses that plaintiff in her petition did not specifically pray for a recovery of alimony either temporary or permanent, or allege any necessity therefor, or state sufficient facts therein to sustain the award of such

relief, and defendant had no actual notice that it would be sought. In fact, defendant's attorney was informed by plaintiff's attorney that plaintiff did not seek the recovery of permanent alimony and defendant made no appearance, relying upon the fact that, as proposed by plaintiff's attorney, her petition would not be amended to provide the basis for a permanent alimony judgment if defendant defaulted, and that in such situation no alimony judgment would be sought. During the trial of the default case, the trial court asked: "Is she asking for any alimony?" Thereto plaintiff's attorney frankly replied, "No." Plaintiff as a witness volunteered: "Wouldn't it be *alright* (all right) for him to pay for the divorce and be rid of him?" Regardless of such situation, however, the trial court decided that plaintiff should be awarded alimony, and included a determination of that issue in the decree.

Further, we have searched the evidence adduced by plaintiff and find no competent evidence to support or sustain an award of permanent alimony. In such situation, a prayer for general equitable relief could not either make permanent alimony an issue upon which recovery could be predicated, or justify its allowance by the court. As provided by section 42-307, R. R. S. 1943: "Suits to annul or affirm a marriage, or for a divorce, shall be conducted in the same manner as other suits in courts of equity. The court shall have the power to find and determine the issues, decree costs and enforce its decrees as in other cases; * * *."

As held in Lincoln National Bank v. Virgin, 36 Neb. 735, 55 N. W. 218, 38 Am. S. R. 747: "A judgment of a court upon a subject within its general jurisdiction, but which is not brought before it by any statement or claim of the parties, and is foreign to the issues submitted for its determination, is a nullity." See, also, Branz v. Hylton, 130 Neb. 385, 265 N. W. 16; Hallgren v. Williams, 146 Neb. 525, 20 N. W. 2d 499. In citing such rule, we are not unmindful of the conclusions reached in Graham

v. Graham, 135 Neb. 761, 284 N. W. 280, but such case is distinguishable from that at bar upon the basis of allegations contained in the petition involved therein.

In that connection, it is generally the rule that where permanent alimony is not asked or desired, or brought before the court by any statement or claim therefor or sufficient evidence to support the same, and is not thereby made an issue in a divorce action, the court is not warranted in making it an issue, deciding the matter as such, or allowing permanent alimony. See, 27 C. J. S., Divorce, § 242, p. 1001; Chandler v. Chandler, 13 Ind. 492; Shaffer v. Shaffer, 135 Kan. 35, 10 P. 2d 17; Commissioner of Internal Revenue v. Tuttle, 89 F. 2d 112; Annotation, 152 A. L. R. 456.

We conclude, in the light of such authority and the record before us, that defendant established good reason for modifying the decree by vacating only that part thereof ·awarding permanent alimony to plaintiff; therefore, such part of the decree should be and hereby is vacated and set aside, but otherwise the decree should be and hereby is affirmed.

Our conclusions are based entirely upon well-established propositions of law and equity which require such modification of the decree as aforesaid in order to avoid an unjust, inequitable, and unconscionable result. In so concluding, however, it should be fully understood, and it is found, that plaintiff's attorney was not guilty of the slightest unethical conduct in any manner, but was perfectly frank with and made full disclosure to the trial court, and conducted himself as a lawyer should, in an entirely ethical and proper manner in every transaction before trial, at the trial, and thereafter.

For reasons heretofore stated, the decree should be and hereby is affirmed as modified herein. All costs are taxed to defendant, including $150 allowed for services of plaintiff's attorney in this court.

AFFIRMED AS MODIFIED.