DOROTHY D. ARENT, APPELLEE, V. FRED ARENT, APPELLANT.

66 N. W. 2d 813

Filed November 19, 1954. No. 33588.

*Edward E. Carr*, for appellant.

*Schroeder & Schroeder*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The matter before this court is a review of the refusal of the district court to set aside a decree of divorce within 6 months of the rendition thereof permissible under section 42-340, R. R. S. 1943.

In the action for divorce Dorothy D. Arent was plaintiff and Fred Arent was defendant. Issue was joined and a trial was had on the merits after which decree was duly rendered. The decree was rendered, according to the transcript, on September 21, 1953. No motion for new trial was thereafter filed. On February 25, 1954, the defendant filed a motion in which he prayed for an order vacating the decree, for permission to adduce further evidence, and for dismissal on the evidence adduced at the trial and such further evidence as might be adduced at the hearing on the motion. This motion was supported by the affidavit of the defendant.

A hearing was had on the motion and evidence taken. The only evidence adduced at this hearing was a transcript of the evidence adduced on the trial culminating in the divorce and the affidavit in support of the motion.

The district court denied the motion and from the order of denial the defendant has appealed.

From an examination of the motion it becomes apparent that the defendant sought only to have the court re-examine the evidence adduced at the trial and arrive at a conclusion opposite and contrary to that contained in the decree. The examination is thus limited since neither the motion which is in the transcript nor the affidavit supporting it which is in the bill of exceptions contains anything to indicate that the proposed additional evidence would be in substance different from that which was adduced on the trial.

It is true that under the terms of section 42-340, R. R. S. 1943, on motion made within 6 months of the rendition of decree, the court may, in the exercise of a sound discretion, vacate or modify the decree. Dudgeon v. Dudgeon, 142 Neb. 82, 5 N. W. 2d 133; Shinn v. Shinn,

148 Neb. 832, 29 N. W. 2d 629, 174 A. L. R. 510; Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790; Roberts v. Roberts, 157 Neb. 163, 59 N. W. 2d 175.

As pointed out in the cited cases the power of the court, pursuant to statute, to set aside or modify a decree of divorce depends upon the exercise of a sound discretion.

This being true it must also be true that on application to have a decree set aside pursuant to the power conferred by the statute, it must be made to appear that a refusal of the application would be an abuse of discretion.

It becomes apparent from the cases cited that many matters may, and of course do, become appropriate for consideration in the exercise of the discretion granted to courts by this statute. Among them, however, is not the right to review the evidence after expiration of the time for taking an appeal to this court, and on the basis of such a review vacate the decree and grant a new trial.

It being apparent that the motion called only for an exercise of discretion which would depend alone upon a review of the evidence taken at the trial, the district court did not err in overruling it.

The order of the district court is affirmed.

AFFIRMED.