COUNTY OF DODGE, STATE OF NEBRASKA, APPELLEE, v. MORRIS CHRISTENSEN ET AL., APPELLEES, IMPLEADED WITH WILLIAM MIDDAUGH, APPELLANT.

86 N. W. 2d 780

Filed December 20, 1957. No. 34237.

644

*Edward J. Robins,* for appellant.

*Clarence S. Beck,* Attorney General, *Homer L. Kyle, E. D. Warnsholz, William G. Line,* and *George E. Svoboda,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This appeal involves the seventeenth cause of action

in a tax foreclosure suit brought by the County of Dodge.

The property involved is that of Anna Sasse, an old age assistance beneficiary. The action went to decree, sale, and confirmation. At a subsequent term, on a motion filed out of time, the trial court granted a new trial. The trial court also set aside the confirmation of the sale. The purchaser at the sheriff's sale, William Middaugh, appeals.

Three questions are presented:

Was the State Director of Public Welfare a necessary party? We hold that he was not.

Did the trial court err in setting aside the foreclosure decree? We hold that it did.

Did the trial court err in setting aside the order confirming the sale? We hold that it did not.

The petition herein was filed June 12, 1956. The land involved in this cause of action is Lots 1 to 7, inclusive, Block 12, Snyder, Nebraska. The record owner of the real estate is Anna Sasse.

The county alleged it had a lien for general taxes in the total amount of $932.76, and that the old age assistance board had a lien in the sum of $4,971.

The prayer of the petition was for the determination of liens, and orders for payment and for sale, if not paid.

On August 8, 1956, the court rendered a decree in the matter, finding that service had been had on the parties as required by law. The court found that there was due the plaintiff a total of $1,024.54 which was a first lien on the premises, and that there was due the old age assistance board the sum of $4,971 which was a second lien.

The court ordered the property sold if the amounts found due were not paid within 20 days. Order of sale was issued on August 29, 1956. The sheriff made return on October 11, 1956, showing sale of the premises to William Middaugh for $15. On the same day, October 11, 1956, the court ordered the sale confirmed and

ordered sheriff's deed to issue upon payment of the purchase price.

On October 19, 1956, the plaintiff filed a motion to vacate the decree and confirmation and grant a new trial. This was 72 days after the entry of the decree of foreclosure and 8 days after the order of confirmation. The motion was directed only as to the decree insofar as it affected Lots 6 and 7. Mr. Middaugh filed objections and asked for a hearing.

On December 15, 1956, Clara Muir, purporting to represent the State and county as "Welfare Director" filed objections to confirmation and offered a bid in the amount of the old age assistance lien. Mr. Middaugh filed objections. It does not appear that anything further was done about this in the proceedings. The State and county do not rely on this filing here.

On December 17, 1956, the court rendered an order that deed should not issue until further order.

On January 14, 1957, the September 1956 term adjourned and the January 1957 term commenced.

On January 15, 1957, the State and the State Director of Public Welfare filed a motion, joining in the motion of the plaintiff for an order vacating the decree insofar as it related to Lots 6 and 7. The grounds were: (1) Irregularity and abuse of discretion preventing a fair trial; (2) the failure to serve process upon the State Director of Public Welfare; and (3) a grossly inadequate sale price.

On March 21, 1957, the State and the director filed an amended motion, the effect of which was to include Lots 1 to 7, inclusive, in the scope of the motion. A supporting affidavit was filed.

On April 6, 1957, the trial court ruled on the "motion for new trial and partial vacation of order" filed by the county, and on the amended motion filed by the State and the director. It referred to an affidavit in support of the motions and a "letter" filed by Mr. Middaugh's attorney. It recited that it was fully advised in the premises.

It found that the motions for new trial and vacation of order should be sustained.

It granted a new trial, with leave to the State Director of Public Welfare to appear and plead, and ordered the $15 deposit on bid returned to Mr. Middaugh. Mr. Middaugh appeals.

We confine this opinion to the questions presented by the parties.

There is a contention advanced here by the appellees that the State Director of Public Welfare is a necessary party to a proceeding involving a lien such as we have here. Apparently the theory is that the director being a necessary party, the decree and the order of confirmation should be set aside so as to permit him to appear and plead. See Prudential Ins. Co. v. Diefenbaugh, 129 Neb. 59, 260 N. W. 689, wherein we held: Defect of parties defendant is not a ground for refusing confirmation of a judicial sale.

The "Old Age Assistance Board of Dodge County" was a named defendant in the action. The court found that legal service was had on all defendants. By the provisions of section 68-711, R. S. Supp., 1955, "Old Age Assistance Board" was legislatively declared to mean the county board of public welfare. By the provisions of section 68-215.08, R. S. Supp., 1955, an old age assistance lien may be foreclosed either in the name of the county board of public welfare or in the name of the State Director of Public Welfare. It follows that under section 68-215.08, R. S. Supp., 1955, the State Director of Public Welfare is not a necessary party to the foreclosure of an old age assistance lien when the county board of public welfare is a party.

Under the provisions of section 25-1143, R. R. S. 1943, an application for a new trial must be made within 10 days, either within or without the term, after the verdict, report, or decision was rendered. See Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265. Here the plaintiff's motion for a new trial was made 72 days after the

decree was rendered. It obviously was of no force and effect as to the decree. It was clearly within time as to the confirmation.

The rule, also, is: The district court has an inherent power as a matter of judicial grace to consider assignments of error and to grant a new trial even though the motion was not made within the time required by statute. The inherent power of the court to grant a new trial is limited to those situations where prejudicial error appears in the record of the proceedings. It expires with the term of court at which the judgment was rendered. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

Here, however, the court did not act on the motion within the term of court at which the judgment was rendered. It accordingly follows that the order of the court purporting to grant a new trial was without authority of law and must be set aside.

This brings us to the contention of claimed error in setting aside the order of confirmation after the term in which it was rendered.

On the face of the pleadings, it appears that property situated in an urban community consisting of 7 lots and a dwelling thereon sufficient to furnish shelter for two persons was sold for $15. The petition shows that general property taxes on it for the years 1953, 1954, and 1955 average over $100 a year. There is in the transcript an affidavit that the reasonable value of the property is $750.

However, there is no bill of exceptions or case stated here to show what evidence was considered by the trial court in setting aside the order of confirmation.

Under these circumstances the applicable rules are: On appeal, error will not be presumed, but must affirmatively appear from the record. In the absence of a bill of exceptions it will be presumed that issues of fact raised by the pleadings were supported by the evidence and that such issues were correctly determined. A

question requiring an examination of the evidence will be disregarded in the absence of a bill of exceptions preserving the evidence. In the absence of a valid bill of exceptions, the only issue that can be considered on appeal is the sufficiency of the pleadings to sustain the judgment. State ex rel. League of Municipalities v. Loup River P. P. Dist., 158 Neb. 160, 62 N. W. 2d 682. See, also, Abbott v. State, 160 Neb. 275, 69 N. W. 2d 878.

It follows that there has been no record presented which permits a review of the discretion exercised by the trial court. See Reeker v. Reeker, 152 Neb. 390, 41 N. W. 2d 231.

The judgment of the trial court in setting aside the order of confirmation is affirmed.

The judgment of the trial court in granting a new trial is reversed. The cause is remanded with directions to deny the motion for a new trial and for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.