THELMA E. BROWERS, APPELLEE AND CROSS-APPELLANT, V. HEROLD E. BROWERS, APPELLANT AND CROSS-APPELLEE.
240 N. W. 2d 585

Filed April 7, 1976. No. 40330.

David Jorgensen of Nye, Wolf & Hervert, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr, for appellee.

Heard before SPENCER, BOSLAUGH, and CLINTON, JJ., and FAHRNBRUCH and GRANT, District Judges.

CLINTON, J.

This is an action by the petitioner wife for a dissolution of marriage. The trial court found the marriage was irretrievably broken and entered a decree of dissolution. By the decree the court awarded household goods and an automobile to the wife and a pickup truck to the respondent, subject to the encumbrances on the respective vehicles. It directed the respondent husband to pay

certain antecedent debts of the parties in the approximate amount of $3,000. The court also awarded the wife alimony in the amount of $150 a month for 2 years and $100 a month for an additional 2 years.

The respondent appeals, asserting the award of alimony is excessive and that under the circumstances of this case the court had no power to make an alimony award in any event. The petitioner cross-appeals and claims the award of alimony is insufficient. We affirm.

The evidence shows the parties were married in 1943 and were the parents of five children, the youngest of whom became 18 years of age shortly after the decree of dissolution. At the time of the decree respondent was 57 years of age and the petitioner 56. Respondent is employed by the United States Postal Service and his take-home pay is $363 every 2 weeks. He has 24 years of service and upon retirement will receive a pension in an unspecified amount. The petitioner for 29 years of the married life of the parties taught school. She holds B.A. and M.A. degrees. She testified that she has no teacher pension rights. At the time of the dissolution she was employed as district manager for an encyclopedia publisher. In that employment she is paid on a commission basis and during the year 1974 her gross income from that source was $8,002 and her adjusted gross income was $1,237. The health of both parties is good. We conclude that under the facts of this case an award of alimony to the wife was appropriate and that the amount awarded was not excessive. On the other hand, we do not conclude that it is inadequate. The parties accumulated almost no property during the marriage. The respondent was required by the decree to pay the accumulated debts of the parties except the encumbrance on the petitioner's automobile. The petitioner has an excellent education and a demonstrated earning capacity. The petitioner's cross-appeal is denied.

The respondent claims that the award of alimony was unauthorized because the facts alleged in the petition do not support an alimony award and the petitioner did not specifically pray for an award of alimony. The prayer of the petition was for temporary support, attorney's fees, equitable division of property, and further equitable relief. To support his position the respondent relies upon the holding of this court in Roberts v. Roberts, 157 Neb. 163, 59 N. W. 2d 175. There we held the general rule to be that where permanent alimony is not asked or desired or brought before the court by any statement of claim therefor or evidence sufficient to support the same, it is not made an issue in a divorce action and the court is not warranted in making it an issue by deciding the matter as such and allowing permanent alimony.

Our holding in Roberts v. Roberts, *supra,* has no application here. In that case there was a prayer for absolute divorce, restoration of maiden name, suit money, costs, attorney's fees, and equitable relief. The defendant husband there made neither answer nor appearance and relied upon an agreement between the parties that no alimony would be sought. The trial court was informed that alimony was not being sought by the wife. It nonetheless awarded alimony. The defendant husband, when he learned of the entry of the alimony judgment, sought to have the decree modified under the provisions of former section 42-340, R. R. S. 1943, which authorized vacation or modification of the decree within 6 months of its entry. Such modification was denied by the trial court and on appeal we set aside the alimony award. We specifically noted that alimony was, by agreement of the parties, not an issue in that case. We also pointed out that there was no evidence in the record to support an alimony award.

This case was tried with both parties present; and their property situation, their earning capacity and

their earnings, their health, and to some extent their marital history were explored.

Section 42-365, R. S. Supp., 1974, provides in part as follows: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party." Pertinent statutes, to wit, sections 42-307 and 42-318, R. R. S. 1943, in force at the time of Roberts v. Roberts, *supra,* have been repealed.

At least four factors distinguish Roberts v. Roberts, *supra,* from the present case. These are: (1) In the Roberts case the decree was entered upon a default. (2) There existed an antecedent agreement between the parties that no alimony would be sought and the trial court was so informed. (3) The parties in Roberts introduced no evidence to support the award of alimony. There is such evidence in this case. (4) The pertinent statutes are wholly different.

AFFIRMED.