CHARLES BLAKELY, APPELLEE, v. RUTH BLAKELY, AP-
PELLANT.

FILED FEBRUARY 1, 1918.   No. 19774.

1. **Divorce:** DECREE: VACATION. The defendant, within six months
   of the rendition of a decree of the district court granting divorce
   and alimony, filed an application to vacate the decree, consisting of
   a motion, an affidavit, and subsequent petitions, the contents of
   which are stated in the opinion, *held*, that the court erred in re-
   fusing to grant the application.

2. ———: ———: ———: JURISDICTION. In such case an order made
   by the trial court after the term when the decree of divorce is
   entered, but within six months of its date, and based on alleged
   fraud and deceit, would be within the jurisdiction of the court.
   Section 1606, Rev. St. 1913; *Everson v. Everson*, 101 Neb. 705.

3. ———: ———: ———: ———. The original motion and the
   subsequent petitions will be considered together as parts of the
   same application, the court having assumed jurisdiction before
   the expiration of six months from the date of the decree and
   permitting the filing of the petitions.

4. ———: ALIMONY: ATTORNEYS' FEES: SUIT MONEY: DISALLOWANCE.
   It is ordinarily within the discretion of the district court to
   allow or to refuse to allow suit money, alimony, and attorneys'
   fees in a divorce suit, and the refusal to make such an allowance
   in the instant case was without error.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Reversed.*

*J. J. Sullivan* and *T. E. Brady,* for appellant.

*Lambert, Shotwell & Shotwell* and *Hazlett & Jack,*
contra.

HAMER, J.

This is an appeal from an order of the district court
for Douglas county denying an application to set aside
a decree of divorce and for a new trial.

The record discloses that on the 23d day of June, 1915,
Charles Blakely filed a petition in the district court for
Douglas county against his wife, Ruth Blakely, charging

her with extreme cruelty and praying for a divorce. On the same day she filed her answer, admitting the marriage and residence of the parties, and that there were no children, and denying the other facts alleged. At the same time by written stipulation she waived the issuance and service of summons, entered her voluntary appearance, waived the statutory time to plead, and submitted herself to the jurisdiction of the court. The case was heard and a decree of divorce rendered for the plaintiff. The defendant was given a judgment for $8,000 as permanent alimony, of which the sum of $2,000 was to be paid at once, and the remainder was to be paid, $3,000 in one year from the date of the decree, and $3,000 in two years from the date of such decree. The plaintiff paid the $2,000 in cash and executed notes secured by a mortgage in settlement of the deferred payments.

On September 18, 1915, the defendant filed a motion to vacate that portion of the decree relating to alimony, and on the same day the court adjourned the term without day. The motion was based on the ground that plaintiff had misrepresented the value of his property, that fraud had been practiced upon the defendant by the plaintiff and his counsel, and because the case had been tried in violation of a rule of the district court for Douglas county providing "that no divorce case shall be tried until after the statutory answer day;" that defendant was ill and could not attend the trial when it took place; that plaintiff had been guilty of adultery, and had thus violated his marriage vows.

The record discloses that on the 1st day of October, 1915, plaintiff filed his ".special appearance" objecting to the jurisdiction of the court to hear and determine the motion to vacate, and that before that time, on the 18th day of September, 1915, the judges of the district court for Douglas county had made an order continuing all cases, motions, and matters then pending in the court, and not otherwise disposed of, until the next term

of the court. On the 21st day of October, 1915, the court sustained the said "special appearance" of the plaintiff. We think that this was reversible error.

On the 20th day of October, 1915, the defendant filed her petition to vacate the decree. The petition alleged the time of filing the petition, the answer, and the rendition of the decree to be June 23, 1915, and that the hearing was in disregard of rule 21 of the district court for Douglas county that "no divorce case will be tried until after the statutory answer day;" that the said case was tried before the answer day, and that the decree was entered before the answer day; that the plaintiff procured his decree by reason of misrepresentation concerning the amount and value of his property; that he represented that he had only a very little property, when as a matter of fact his property was of the value of $200,000; that the plaintiff and his attorneys conspired together with others to accuse the defendant of lack of chastity, and to accuse her of adultery with one Howard Ainslie; that the plaintiff and his attorney informed the defendant that they had arrested Ainslie, and had charged him with the offense of adultery, and that he had confessed; that the prosecution against Ainslie was afterwards dismissed when the divorce had been granted; that the conduct of plaintiff and his attorneys amounted to duress. There were also other allegations in the petition.

On the 22d day of November, 1915, the plaintiff filed his motion to strike out certain paragraphs of the defendant's petition, and on the 29th day of December, 1915, the said motion of plaintiff to strike out parts of defendant's petition to vacate and to set aside the decree was in part sustained and in part overruled. On the 26th day of January, 1916, the defendant filed her amended petition to vacate the decree. To the said amended petition the plaintiff filed his demurrer on the 7th day of February, 1916, and on the 16th day of March, 1916, the court sustained the said demurrer.

On the 10th day of April, 1916, the plaintiff filed a general demurrer to the third amended petition of the defendant. On the 13th day of April, 1916, the court made an order giving the defendant leave to file her amended petition by attaching thereto paragraph 14. On the 1st day of May, 1916, the court made an order sustaining the demurrer of the plaintiff to the third amended petition of the defendant.

On the 15th day of May, 1916, the court made an order giving the defendant leave to file a fourth amended and substituted petition instanter. This petition at great length sets forth the wrongs complained of by defendant, and adds additional charges to the original petition filed by her to vacate the said decree. On the 16th day of May, 1916, the plaintiff filed a motion to strike the said fourth amended and substituted petition from the files and to dismiss the proceedings.

On the 22d day of May, 1916, the defendant filed an application for temporary alimony and suit money and attorneys' fees. On the 25th day of May, 1916, the court made an order denying the said application for alimony and attorneys' fees and suit money.

On the 25th day of May, 1916, the court made an order sustaining the plaintiff's motion to strike the fourth amended and substituted petition from the files, and to dismiss said petition and the proceedings to vacate the decree. We think that this was reversible error. On the 26th day of June, 1916, a motion was filed by the defendant for permission to file a supplemental petition to vacate the decree. In the proposed petition there was to be set forth the allegations of the fourth amended and supplemental petition and certain other alleged facts. On the 26th day of June, 1916, the court made an order overruling said motion.

In the very recent case of *Everson v. Everson*, 101 Neb. 705, this court construed section 1606, Rev. St. 1913, "to mean that during the six months' period the

action is still pending before the court; that the trial court has power over it similar to that which trial courts have always exercised over their judgments during the term; that it is not a final order in any sense except for the purposes of appeal, but more in the nature of an interlocutory order which the court can, at any time, for good reason, vacate or modify." It is also further said: "We are of the opinion that this construction is consistent with the language of the statute, and that the enactment is within the legislative power vested by the Constitution."

The section of the statute referred to in the case reads: "A decree of divorce shall not become final or operative until six months after trial and decision except for the purpose of review by proceedings in error or by appeal and for such purposes only, the decree shall be treated as a final order as soon as rendered: Provided, if proceedings in error or by appeal shall have been instituted within said six months, such decree shall not become final until such proceedings are finally determined. If no such proceedings have been instituted, the district court may, at any time within said six months, vacate or modify its decree, but if such decree shall not have been vacated or modified, unless proceedings are then pending with that end in view, the original decree shall at the expiration of six months become final without any further action of the court."

It is the defendant's first contention that the court erred in sustaining the "special appearance" of the plaintiff objecting to the jurisdiction of the court, the ground of which was that the court had no jurisdiction to vacate the decree after the adjournment of the term at which it was rendered. The appellant contends that the court erred in denying her new application for temporary alimony, suit money, and attorneys' fees. Section 1574, Rev. St. 1913, provides: "The court may in its discretion, require the husband to pay any

sum necessary to enable the wife to carry on or defend the suit during its pendency." This statute gives the trial court a wide discretion. *Brasch v. Brasch,* 50 Neb. 73. We are of the opinion that the court was well within its discretion by refusing to grant the appellant's application.

In the *Everson* case the man was the plaintiff, as he is in the instant case. In that case it was contended that the judgment had been obtained by mistake and by inadvertence on the part of the defendant, and by fraud and deceit upon the part of the plaintiff. In the instant case the charges are of the same nature, and in addition it is set forth with much particularity that the plaintiff on many occasions committed adultery; that he successfully practiced a fraud upon the defendant concerning the amount of the property that he had, and represented that he had a very small amount of property, while he was in fact the owner of property of the value of $200,000; that the testimony of the plaintiff was untrue concerning the fact that the defendant had committed an unprovoked assault upon him; that as a matter of fact the plaintiff had been on a drunken spree and had been consorting with disreputable women; that when the defendant went after the plaintiff and found him in a restaurant he was drunk and abusive and assaulted the defendant, and that what the defendant did was done in self-defense; that the plaintiff falsely testified that the defendant struck him with a carpet sweeper causing a scar on his forehead; that the defendant caught the plaintiff in a compromising situation with her nurse; that the plaintiff while at home was receiving telephone calls from an immoral woman with whom he was making appointments; that the plaintiff was intoxicated a large share of the time, and kept servants and employees who abused and insulted the defendant; that, when the defendant went on a short visit to her former home and returned, she found the plaintiff living with

one of these disreputable women in the house which plaintiff and defendant occupied as a home; that the plaintiff offered evidence to the effect that the defendant had threatened him with a revolver, which was quite untrue; that the plaintiff kept and consorted with numerous women with whom he was criminally intimate; that when the defendant was ill the plaintiff called her vile and indecent names and beat her and shot at her with a revolver and threatened to kill her.

The charges made seem to demand a trial. The application to vacate the decree should have been granted, and the order denying such application and dismissing the proceedings is set aside, and the judgment of the district court is reversed. Because of the confused condition of the record and the multiplicity of motions and petitions, the parties will be permitted to file proper pleadings, and the application for a new trial will be heard on its merits.

REVERSED AND REMANDED.

SEDGWICK, J., not sitting.