FRANK L. CARMONY, APPELLANT, V. MARTHA A. CARMONY, APPELLEE.

FILED NOVEMBER 20, 1924.   No. 24024.

1. **Divorce**: DECREE: VACATION. The district court has the same power to set aside a decree in a divorce suit within six months of the date of the decree as it has in ordinary actions during the term at which a judgment or decree is rendered.

2. ———: ———: ———. After a decree of divorce has been set aside, the cause stands for further proceedings or trial in the same manner as other actions.

3. ———: ———: VACATION AFTER TERM. After the term at which an order setting aside a divorce decree has been made,

such order can only be set aside or modified in the same manner and upon the same notice as in other cases where it is sought to set aside a judgment or order after the term at which it was rendered.

4. ———: ———: ———. An order setting aside an order made at a previous term and reinstating a decree formerly set aside, if made without notice to, or appearance by, the adverse party, is void for want of jurisdiction.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Affirmed.*

*A. L. Sutton, Max Fromkin,* and *Albert S. Ritchie,* for appellant.

*A. H. Murdock* and *Joseph Rapp, Jr., contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

LETTON, J.

This action was begun by the filing of a petition for divorce by the plaintiff, Frank L. Carmony. His wife, Martha A. Carmony, denied the allegations of the petition and filed a cross-petition praying for divorce on the ground of extreme cruelty. On October 24, 1922, a decree was rendered finding against the plaintiff and granting a divorce to the defendant. On March 14, 1923, at the next term of court, the attorney for the wife produced to the court a certificate of marriage reciting that Frank L. Carmony had intermarried with another woman in Council Bluffs, Iowa, on March 3, 1923. The statutory six months period not having elapsed since the rendition of the decree, the court vacated and set aside the decree entered October 24, 1922. At another and later term of court, an application was filed by Frank L. Carmony asking to set aside the order of March 14, 1923, and to reinstate the decree of divorce as of that date. The application recites that before March 14, 1923, the plaintiff remarried, believing that he had lawfully entered into a marriage contract; that he continued to live with his second wife under such marriage

relation, and that shortly afterwards she became pregnant, and is now in that condition; that he married without any intent to violate the laws of Nebraska and was under the impression that the statutory six months period had elapsed; that his present wife is an innocent party to this transaction, and unless the court reinstates the former decree the unborn child of plaintiff and his wife will be born out of wedlock. No notice was given of this application and no appearance was made by Mrs. Carmony. On October 27, 1923, the application was granted and an order made setting aside the order of March 14, 1923, and reinstating the decree of divorce as of that date.

On December 7, 1923, a special appearance was made by the defendant, Martha A. Carmony, "appearing specially," alleging that the court was without jurisdiction to make the latter order for the reason that the term at which the order was made adjourned *sine die* on May 5, 1923, and that no notice was given defendant of the application, and that the final order of March 14, 1923, is in full force and effect. After a hearing the court found that it was without jurisdiction to enter the order of October 27, 1923, and set aside the order made on that date reinstating the decree of divorce. Plaintiff appeals.

Within six months after the rendition of the decree, upon its being called to the attention of the court that the party against whom the divorce had been granted had remarried, the court set aside the decree of divorce. This it had full authority to do, without notice, at the same term of court at which the decree was rendered. *Douglas County v. Broadwell,* 96 Neb. 682; *Bradley v. Slater,* 58 Neb. 554. Under the divorce statute (Rev. St. 1913, sec. 1606) providing that a decree of divorce shall not become final or operative until six months, except for the purpose of review, and that the " district court may, at any time within said six months, vacate or modify its decree," the court had the same power, after the term and before the six months had expired, to set aside the decree as it formerly had during the term before the enactment of this statute.

*Everson v. Everson,* 101 Neb. 705. When the order setting aside the decree of divorce was made the cause was left pending and the case stood upon the docket for trial. No further action could be taken in the matter except in the usual and customary method. While matters were in this condition, the application to set aside the order of March 14 and to reinstate the decree of divorce was filed. This application or motion, being made after the term at which the order complained of was entered, required notice to be given. The only method by which the order could be disturbed was that which the statute prescribes. Comp. St. 1922, secs. 8668, 8670, 9160. *Goldenstein v. Goldenstein,* 110 Neb. 788. The order being made without notice and after the term was therefore made without jurisdiction. The divorce case is still pending, and the parties may proceed to trial upon proper notice. While the hasty action of the original plaintiff and his ignorance or defiance of the statute have apparently worked a needless hardship and a wrong upon an innocent individual, this fact cannot confer jurisdiction upon a court to do that which the statute does not authorize. Perhaps the result of a new trial may aid him to legitimatize any offspring of the unauthorized union and thus partly atone.

The judgment of the district court is right, and is

AFFIRMED.

GOOD, ROSE and DEAN, JJ., dissent.