MINNIE H. KELKENNEY, APPELLANT, v. KATHERINE GETSEY, SPECIAL ADMINISTRATRIX, APPELLEE.

289 N. W. 795

FILED JANUARY 19, 1940.   No. 30732.

*Hotz & Hotz* and *William F. Dalton*, for appellant.

*Max Fromkin*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,. CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is a proceeding by Minnie H. Kelkenney, defendant,. against Katherine Getsey, special administratrix of the estate of James B. Kelkenney, deceased, plaintiff, to so reform a decree of divorce as to allow alimony for defendant, the divorced wife of decedent. This relief is sought in the original action in which the husband, as plaintiff, was granted a divorce from his wife, as defendant, on the ground of desertion without any reference to alimony in the pleadings or decree.

The parties to the action for divorce were married January 6, 1911, and lived together as husband and wife for about 10 years. The petition for divorce was filed in the district court for Douglas county October 1, 1921. The divorce was granted by default November 5, 1921, after personal service of summons on the wife, but prior thereto the husband had entered into an oral agreement with her to pay her for life alimony of $1,000 a year in monthly instalments of $83.33 each and to have the agreement incorporated in the decree. He performed the oral contract for about 10 years but failed to have his obligation to pay alimony inserted in the decree of divorce. After 1930 he was in default and excused nonpayment on account of the economic depression. He died May 3, 1938, and she thereafter discovered for the first time that the agreement for alimony had not been inserted in the decree for divorce.

The facts thus briefly outlined were stated at length in the petition to reform the decree. Thereupon, Minnie H. Kelkenney, defendant in the original suit for divorce, presented therein a motion to substitute for plaintiff Katherine Getsey, special administratrix of the estate of James B. Kelkenney, deceased, and to so revive the action.

The special administratrix objected to the jurisdiction of the court for the reasons that the action is one for divorce wherein a final decree was entered November 5, 1921,

without any judgment other than for a divorce, and that the statutes of Nebraska do not authorize the substitution of the special administratrix for the deceased plaintiff or a revivor of the action. The trial court sustained the special appearance and defendant appealed.

The functions of a special administratrix appointed by the probate court are to possess, control and preserve the estate of decedent until the granting of letters testamentary or of administration. The powers and duties of a special administrator are defined by statutes containing, among provisions not applicable to the present inquiry, the following pertinent legislative enactments:

"When there shall be a delay in granting letters testamentary, or of administration, occasioned by an appeal from the allowance or disallowance of the will, or from any other cause, the judge of probate may appoint an administrator to act in collecting and taking charge of the estate of the deceased, until the question of the allowance of the will, or such other question as shall occasion the delay, shall be determined, and an executor or administrator be thereupon appointed." Comp. St. 1929, sec. 30-316.

"An administrator, appointed according to the provisions of the preceding section, shall collect all the goods, chattels, and debts of the deceased, and preserve the same for the executor or administrator who may afterwards be appointed, and for that purpose may commence and maintain suits as an administrator, and may sell such perishable and other personal estate as the county court may order to be sold." Comp. St. 1929, sec. 30-317.

"Such special administrator shall not be liable to an action by any creditor, to be called upon in any other way to pay the debts against the deceased." Comp. St. 1929, sec. 30-318.

According to plain provisions of the statutes quoted, the special administratrix is not authorized to appear in the divorce suit in defense of the claim of defendant against the estate of the deceased plaintiff for alimony. The administratrix as such is not liable in the divorce action for the

alleged debt of decedent. She was therefore not a proper party defendant for the purpose of determining the liability of the estate for alimony under an oral unadjudicated agreement by the husband to pay it. It follows that the district court was without jurisdiction to substitute the special administratrix for decedent as plaintiff in the divorce suit and that the action could not be revived in her name in that capacity. In this view of the law the district court did not err in sustaining the objection to jurisdiction and in overruling the motions to substitute the special administratrix for decedent as plaintiff and to revive the action in her name as such.

The same conclusion necessarily would have to be reached if defendant had awaited the granting of letters testamentary or of administration and pursued the executor or administrator for alimony on the oral promise of her divorced husband to pay it. The record contains a copy of the petition in the divorce suit. The husband was plaintiff. He alleged that his wife had deserted him and he procured the divorce on that ground. He did not plead an oral promise to pay alimony or his ability and willingness to pay it or cause such an obligation to be inserted in the decree. Alimony was not mentioned in the petition. No issue as to such a claim was tried or adjudicated. The wife was duly summoned to appear in the divorce court and plead but failed to do so. Alimony was not mentioned in the decree granting the divorce to the husband. There was therefore no allowance for alimony that could be reformed in this supplemental proceeding. Every issue in the divorce case had been adjudicated more than 17 years before the application for a supplemental decree was made. Since the claim of defendant for breach of an oral promise to pay alimony cannot now be adjudicated in the divorce case, the judgment of the district court is

AFFIRMED.