HARRY V. CARPENTER, APPELLEE, v. MARIE G. CARPENTER, APPELLANT.

18 N. W. 2d 737

FILED MAY 18, 1945.  No. 31907.

*Grenville P. North*, for appellant.

*Leon, White & Lipp*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Here, the defendant, as the prevailing spouse in a divorce action, sought to have a decree of divorce set aside and her

cross-petition for divorce dismissed on the ground that she had an absolute right to such an order. The trial court denied her motion. She appeals. We affirm the judgment of the trial court.

Plaintiff in March, 1942, brought suit against defendant, his wife, in which he prayed for an absolute divorce. Thereafter an order for temporary alimony and suit money was entered. A year later defendant answered and prayed for a dismissal of plaintiff's petition. Some months thereafter defendant filed an amended answer and cross-petition praying for separate maintenance. Plaintiff filed a reply. On September 15, 1943, defendant filed an amended answer and amended cross-petition, in which she prayed for an absolute divorce. On September 17 a decree was filed in which the court found generally for the defendant and against the plaintiff and granted the defendant an absolute divorce. It appears from the decree that on September 16 the parties entered into a written property settlement agreement, which recited that it was subject to the approval of the trial court, and that if an absolute divorce was not granted to defendant, it was null and void. The trial court in the decree approved the property settlement agreement.

Plaintiff, by the terms of the agreement, was to pay defendant substantial alimony over a period of 121 months. Defendant was to receive the household furnishings, automobile, diamonds, life insurance and other property. Plaintiff was to pay certain accounts of the defendant, attorney fees and court costs. Also, by the terms of the agreement, the defendant was to receive the residence real estate, subject to a mortgage, and was to execute a note and mortgage for $3,000 to the plaintiff, to run without interest for ten years and to be then payable unless the house and lot were sold or the alimony paid. If the residence was sold before all alimony was paid, then the $3,000 was to be held in escrow to secure the alimony payments.

On March 15, 1944, defendant filed a petition to set aside the decree, to dismiss her amended cross-petition and to

secure the $3,000 escrow money. On the same day, defendant filed a motion to set aside the decree, for sundry reasons, and dismiss her answer and cross-petition. Plaintiff answered the petition and the motion. Defendant then withdrew parts of her motion and submitted it upon a claim of absolute right to have the decree set aside without any cause whatever being shown, except her election not to be divorced. Thereafter a hearing was had in which defendant testified that she did not desire a divorce, but instead desired to have the decree set aside and her cross-petition dismissed. Some evidence was taken as to the property settlement and disposition.

On July 13, 1944, the trial court granted defendant's application to set aside the decree and dismiss her cross-petition on the condition that she, within 30 days, restore to the plaintiff all she had received from him under the property settlement, and that if that be done, the case was to be for hearing on plaintiff's petition, and if not done, the application was to be denied.

Defendant then filed a motion to clarify and modify the order, and an offer to do equity. She prayed for a modification to permit her to tender into court the property "now in her hands" and for an order as to what property she should restore, and she tendered "all of the property that she has left." Plaintiff resisted the motion. A hearing was had.

At the hearing it was shown that defendant, beginning soon after the decree was entered, entertained the idea that she wanted the decree set aside and intended to move that that be done before the expiration of a period of six months. Nevertheless she thereafter listed the home for sale, sold it, closed the transaction and received the net of the sale money just prior to the filing of the petition and motion to set aside the decree. When the house and lot were sold, the $3,000 was placed in escrow as provided by the property settlement agreement. She also sold a part of the furniture and received the proceeds. Apparently from funds so received, the defendant paid current bills, purchased sundry articles for an apartment, bought clothing, a new car, some

war bonds, and had money in the bank. Defendant further testified that she felt the $3,000 which was in escrow was hers, and that she should receive it. It appears that demand was made for it and refused before the petition and motion to set aside the decree were filed.

The trial court overruled defendant's motion for dismissal as a matter of right, and also overruled the defendant's motion for a clarification of the previous order.

Defendant appeals, assigning error to the trial court in not finding and holding that she had the absolute right to set aside the divorce decree and dismiss her cross-petition within the six-month period following the decree.

The statute is: "A decree of divorce shall not become final or operative until six months after trial and decision, except for the purpose of review by appeal, and for such purpose only the decree shall be treated as a final order as soon as rendered; Provided, if appeal shall have been instituted within three months, such decree shall not become final until such proceedings are finally determined. If no such proceedings have been instituted, the district court may, at any time within said six months, vacate or modify its decree, but if such decree shall not have been vacated or modified, unless proceedings are then pending with that end in view, the original decree shall at the expiration of six months become final without any further action of the court." R. S. 1943, sec. 42-340.

Defendant's position is that the innocent party to whom a divorce has been granted has the absolute right within the six-month period to have the decree set aside and the absolute right to dismiss her cross-petition without any evidence or showing, other than a desire that that be done. This appeal presents the correctness of that contention for decision. This contention is that the prevailing spouse, and not the court, controls the decree. The first question is: Does the defendant have an absolute right to have the decree set aside?

The statute provides that the trial court may, at any time within the six months, vacate or modify the decree. It

places the control of the decree within the sound judicial discretion of the trial court. Of necessity the decree of a court cannot be controlled by the whim, or changing mind or desire of a litigant. The judgment of a court is not a plaything of the litigant. It is the solemn adjudication of the rights of parties. The decree represents the judgment of the court and not necessarily the desire of the litigant. Whether or not it is to stand, be vacated or modified, is to be determined by the court. The maintenance of our judicial system and the administration of justice by courts so require. To hold as defendant contends would be to reduce the judicial act to a mere ministerial function to be performed at the direction of the litigant.

Speaking with reference to a decree in divorce proceedings, this court has said: " * * * the trial court has power over it similar to that which trial courts have always exercised over their judgments during the term; that it is not a final order in any sense except for the purposes of appeal, but more in the nature of an interlocutory order which the court can, at any time, for good reason, vacate or modify." *Everson v. Everson,* 101 Neb. 705, 164 N. W. 717. This appears to be the general rule. See 27 C. J. S., sec. 168, p. 806; 17 Am. Jur., sec. 450, p. 370. In *Dudgeon v. Dudgeon,* 142 Neb. 82, 5 N. W. 2d 133, this court discussed a contention that the prevailing party had no right in any event to have a decree set aside and there stated certain principles which are applicable in cases of this character. The prevailing spouse may have a decree of divorce in his or her favor vacated and set aside as a matter of right. It, however, is not an absolute but a qualified right. The application therefor must be made within six months after rendition of the decree. It is not to be granted ex parte. Notice and a reasonable opportunity must be given to the other party to be heard. Good reason must be shown. Legal collusion must be absent. The setting aside of the decree must not produce an unconscionable result. Where property rights have been affected by the decree and as an incident to the nullification of that part of the decree, there should

be the greatest possible restoration of the parties to the status quo existing at the time of the decree. If these conditions are met, then the trial court has the power to and should grant the application.

Just what constitutes a good reason for setting aside a decree, or an unconscionable result should a divorce decree be set aside, depends upon the facts and circumstances of each case. Here, the defendant, as prevailing party, accepted the full benefits of the property settlement to which she was a party, which was made on condition that an absolute divorce be granted and which the court approved. She accepted and continued to accept the monthly alimony payments up to the time of the hearing. She accepted the real and personal property and converted most of it into money, and spent and invested it as she desired—all this subsequent to her determination to seek the vacation of the decree and, in part at least, after she had made application to have that done. She expresses neither desire nor hope for, nor expectation of a reconciliation. She sought to secure at once the $3,000 fund belonging to the plaintiff, and held in escrow to secure the alimony payments. To set aside a decree under these circumstances as a matter of absolute right would be to permit the prevailing spouse to use the decree as an instrument to secure money and other property from the other spouse, and having secured it, then to have the decree set aside and be in a position to seek additional awards if further support were not voluntarily given. If defendant's theory be correct, that process might be continued indefinitely. Such a result would be an abuse and a misuse of the judicial process which is not required by the interests of society nor the parties in the proper protection of the marriage relationship.

We conclude that the defendant does not have the absolute right to have the decree set aside.

The judgment of the trial court is affirmed.

AFFIRMED.