EMMETT H. HAULMAN, APPELLANT, V. EUNICE BOWMAN, SPECIAL ADMINISTRATRIX OF THE ESTATE OF DOROTHY MARTIN, DECEASED, ET AL., APPELLEES.

46 N. W. 2d 689

Filed March 9, 1951. No. 32906.

*Frost, Peasinger & Meyers,* for appellant.

*Donovan, Frohm & Bolus,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action in equity brought by plaintiff against the administratrix, legatees, and devisees of the will of Dorothy Martin, deceased.

Plaintiff and Dorothy Martin were husband and wife. In June 1948, Dorothy Martin, as Dorothy Haulman, sued plaintiff for a divorce. Plaintiff was served with summons and appeared in the action by motion, did not answer, and on August 27, 1948, a decree of divorce was entered, by which the maiden name of Dorothy Martin was restored to Dorothy Haulman. There was no reference in the divorce action or decree to property.

In November 1948, the parties rented a small furnished apartment in Omaha, and thereafter resided there until the death of Dorothy Martin in May 1949. Neither party advised the court of this situation. No further proceed-

ing was taken in the divorce action. By the terms of the statute then in force, the decree became final at the expiration of six months without further action of the court. § 42-340, R. S. 1943.

Plaintiff then brought this action on June 11, 1949, in which he alleged a reconciliation; the belief of the parties that it automatically set aside the decree of divorce; that the failure of either of the parties to notify the court of the reconciliation constituted a fraud on the court; that had the court been so notified it would have set aside the decree; and that plaintiff was in fact the legal spouse of the deceased at the time of her death and entitled as such to share in her estate. In this case there is neither allegation nor proof that Dorothy Martin had an estate derived from this plaintiff, or otherwise. Plaintiff prayed for a decree setting aside the decree of divorce and for a determination that he is entitled as surviving spouse to share in her estate. Issues were made and trial was had. Defendants demurred ore tenus at the beginning of the trial and at the close of the trial. They moved for dismissal at the close of the trial. The court found for the defendants and dismissed plaintiff's action. Plaintiff appeals. We affirm the judgment of the trial court.

Plaintiff relies here upon our decision in Shinn v. Shinn, 148 Neb. 832, 29 N. W. 2d 629, 174 A. L. R. 510.

At the threshold of this case plaintiff is confronted with the inescapable fact that Dorothy Martin is dead. That fact constitutes a material distinction from the Shinn case where the parties to the original action for divorce were before the court.

Citing Pavlik v. Burns, 134 Neb. 175, 278 N. W. 149, we, in the Shinn case, followed the rule that " 'Where the circumstances call for equitable relief, a decree may, upon petition in equity, be set aside by a court of equity having jurisdiction of the parties and of the subject-matter of the suit, after expiration of the term at which it was rendered.' " Here the court has before it only

those who represent and are interested in the estate of Dorothy Martin. Here the court does not have and cannot have jurisdiction of the parties, for Dorothy Martin, one of the parties in the divorce action, is dead.

In Carpenter v. Carpenter, 146 Neb. 140, 18 N. W. 2d 737, with reference to setting aside a decree within the six months' period, we held: "The application to set aside a decree must be made within six months following rendition of the decree. It is not to be granted *ex parte*. Notice and a reasonable opportunity must be given to the other party to be heard."

In Carmony v. Carmony, 112 Neb. 651, 200 N. W. 830, we held: "After the term at which an order setting aside a divorce decree has been made, such order can only be set aside or modified in the same manner and upon the same notice as in other cases where it is sought to set aside a judgment or order after the term at which it was rendered.

"An order setting aside an order made at a previous term and reinstating a decree formerly set aside, if made without notice to, or appearance by, the adverse party, is void for want of jurisdiction."

As our decisions now stand, not only must the parties to the divorce action be before the court in this sort of a proceeding, but notice to them is required. Obviously such notice cannot here be given.

In Holmberg v. Holmberg, 106 Neb. 717, 184 N. W. 134, a divorce had been granted, an alimony award made and paid, and one of the parties died within the six months' period. Within the period the other party filed a petition to vacate the decree and dismiss the action. We affirmed a judgment refusing to vacate the decree or dismiss the action, holding that "An action for divorce does not survive. The purpose of the action being to dissolve the marriage relation, and that relation being dissolved by death, the proceedings after the death of one of the parties would be useless and of no avail. Where, however, property rights are involved

and a judgment for alimony or determining the separate property rights between the parties has been had in the case, the cause generally will survive as to such matters." As we said in Sovereign Camp, W. O. W. v. Billings, 107 Neb. 218, 185 N. W. 426, the subject matter which formed the basis of the action was destroyed. In Williams v. Williams, 146 Neb. 383, 19 N. W. 2d 630, we cited with approval the following from the Billings case: " '* * * A divorce action differs in character from every other. It is not based upon a claim for a money recovery, nor is it a proceeding for the establishment of property rights. Such other actions may ordinarily be as fully litigated, in favor of or against the estate of one of the parties, after the death of such party as before. There are salutary reasons why pending actions of that nature should not abate. But in a divorce action the money and property interests involved are only incidental to the principal object of the suit. Whether the object sought is a limited or an absolute divorce, the primary and underlying purpose of such action is a modification or dissolution of the marriage relation. * * *' "

In Kelkenney v. Getsey, 137 Neb. 416, 289 N. W. 795, we had this situation. A decree of divorce in favor of a husband had become final. Alimony was not mentioned; no issue as to it was tried or adjudicated. Every issue in the divorce case had been adjudicated. The husband died. The wife, in the divorce action, undertook to substitute the special administratrix and to revive the action for the purpose of determining the liability of the estate for alimony under an oral unadjudicated agreement by the husband to pay it. The special administratrix entered a special appearance which was sustained by the trial court and on appeal the judgment was affirmed. We held that neither the special administratrix, nor the executor or administrator had they been "pursued," was a proper party defendant, and that that issue could not be adjudicated in the divorce case. It would seem to

follow that if the representative of an estate cannot be substituted for the deceased party under the circumstances of this case that of necessity the representative of the estate and the beneficiaries of a will of a deceased party cannot be substituted to defend an action to set aside the divorce decree itself.

Other courts have dealt with this specific problem.

Kirschner v. Dietrich, 110 Cal. 502, 42 P. 1064, was a divorce action by a wife against a husband. Service was had by publication. A judgment of divorce was entered. The plaintiff died. The defendant moved that the administrator be substituted as plaintiff. Upon notice to the administrator, the defendant moved to vacate the judgment and to be allowed to answer upon the ground that the summons had not been personally served, and that the judgment was void as having been procured by false testimony. The trial court denied the motion and the Supreme Court affirmed. It held: "It is difficult to understand upon what principle the court made the order substituting the administrator of the plaintiff in the place of his intestate, or directed a continuance of the action in his name after the death of the original plaintiff. But, as the respondent does not appear to have objected thereto, we are not required to determine the correctness of the order. The court, however, properly denied the defendant's motion to vacate the judgment, and allow him to answer the complaint. The action was solely for the purpose of procuring a judgment of divorce between the parties—a purely personal action which would not survive the death of either party, and which, upon the death of the plaintiff, could not be further prosecuted or defended, whether her death was before or after judgment. If she had died prior to the entry of judgment, there could have been no judgment in the case, and her death subsequent to the entry of judgment deprived the court of all power to review its action, and determine her right to a divorce. The action having been brought to change

the personal status of the plaintiff in her relations toward the defendant, it is evident that, upon the termination of her life, there was no personal status which a judgment could change." The court then referred to a statute which authorized the court to allow a defendant not personally served to answer to the merits. It said the statute implied that at the time of the application there shall be an action still pending, to the merits of which there can be an answer, and has no application to a case in which, by the death of a plaintiff, the action has abated and all opportunity to controvert its merits has been removed, and "The primary and substantive subject of litigation in a suit for divorce is the personal relation of the parties, and their rights to the community property is but incidental thereto." The court further held: "If, before a decision upon that question is made, one of the parties dies, the action cannot be continued for the purpose of determining the rights of property; and, if there was originally no issue upon the subject, it cannot be revived in case of death after judgment for the purpose of having this question adjudicated." See, also, Dwyer v. Nolan, 40 Wash. 459, 82 P. 746, 111 Am. S. R. 919, 1 L. R. A. N. S. 551; Crockett v. Crockett, 27 Wash. 2d 877, 181 P. 2d 180; Blain v. Broussard (Tex. Civ. App.), 99 S. W. 2d 993; Annotations, 30 A. L. R. 1466 and 40 A. L. R. 1118.

In accord with these authorities we hold that in order to maintain an action such as is involved here, the court must have jurisdiction of the parties and of the subject matter to the same extent as when the original judgment was entered. Neither of the two elements exists here.

The judgment of the trial court is affirmed.

AFFIRMED.

MESSMORE, J., participating on briefs.