ROSE VASA, APPELLANT, V. JOE VASA, APPELLEE.

84 N. W. 2d 185

Filed July 5, 1957. No. 34217.

*Wright, Simmons & Harris,* for appellant.

*Firmin Q. Feltz,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a proceeding by petition in an action for divorce to have an order vacating and setting aside a decree of divorce vacated and the decree reinstated. The right to the proceeding is claimed under the provisions of section 25-2001, R. R. S. 1943, which statute empowers the district court to vacate or modify its own judgment or order after the term at which such judgment or order was made for fraud practiced by the successful party in obtaining the judgment or order.

The action for divorce out of which the present proceeding emanates was instituted by Rose Vasa, plaintiff, who is appellent in this proceeding, against Joe Vasa, defendant, who is appellee herein. A decree was rendered on June 16, 1954, and filed on July 1, 1954, which granted plaintiff an absolute divorce from the defendant. By that decree she was awarded $6,600 payable in conformity with the terms of a property settlement made by the parties prior to the entry of the decree which terms require no restatement here. The defendant was required to pay an additional amount of $278.70 on account of costs in another action. The custody of a minor daughter of the parties was awarded to the defendant. On July 29, 1954, there was filed with the clerk of the court what is termed a joint motion for dismissal. It was signed by both parties. In pursuance of this motion the court entered an order on August 2, 1954, containing, in pertinent part, the following: "* * * the order of the court herein concerning this matter is hereby set aside and held for naught and that the parties hereto shall now stand concerning their personal affairs, financial affairs and custody of the children as they stood at the commencement of this action." On September 6, 1955, the defendant filed his petition

in the action for divorce to set aside the order of August 2, 1954, by which the decree of divorce was vacated.

By the petition the defendant alleged that he was induced by the fraud of plaintiff to execute the motion for dismissal. The plaintiff denied the fraud. A trial was had and on January 12, 1956, the court by its decree vacated and set aside the order whereby the decree of divorce was vacated, reinstated the decree of divorce, gave the defendant credit for payment of $6,600 which had been originally awarded, except $2,231.30, awarded the custody of the minor child of the parties to the plaintiff, ordered the defendant to pay $50 a month for the support of the child until the further order of the court or until the child should attain the age of 18 years or become self-supporting, and awarded the attorney for plaintiff a fee of $50. From this decree and an order overruling a motion for new trial the plaintiff has appealed.

The assignments of error are numerous but all of them do not require separate consideration herein. It appears proper before considering the assignments of error to say that the question of whether or not the decree of divorce was sustained by sufficient evidence is not before the court at this time. No information in this respect has been presented by the record. Therefore for the purposes of the presentation made at this time it must be assumed that the evidence was sufficient. The applicable rule is that if the evidence given on a former trial is not contained in the record under review this court cannot determine whether or not the judgment rendered was sustained by proper and sufficient evidence. See, Glissmann v. Grabow, 155 Neb. 690, 53 N. W. 2d 94; Kasai v. Kasai, 160 Neb. 588, 71 N. W. 2d 105.

Since the last assignment of error relates to propriety of the action of the court in requiring the plaintiff to proceed to trial at the time the case was tried and not to the issues in the case it will be considered first.

The plaintiff filed a motion for summary judgment

which was overruled. Thereupon motion for continuance was made. Continuance was denied and the plaintiff was required to proceed to trial. It is insisted that the denial was prejudicial error. This insistence in the light of the record is without merit. The motion was not supported in accordance with the requirements of section 25-1148, R. R. S. 1943. Also there is nothing in the record to indicate an abuse of discretion in the refusal to grant the continuance. Specifically there is nothing in the record to indicate that the plaintiff was in anywise prevented from adducing at the time any and all evidence which could or would have been adduced in the event of a continuance.

In the absence of a showing of abuse of discretion, denial of a continuance is not error. See, Hyslop v. State, 159 Neb. 802, 68 N. W. 2d 698; Cox v. State, 159 Neb. 811, 68 N. W. 2d 497.

The first, second, and third assignments of error present substantially two questions. One of these is that of whether or not the court was empowered under law to set aside the order of vacation, and the other, assuming the existence of power, whether or not under the facts the power was properly exercised.

In the presentations here there is no insistence that a decree of divorce may not be set aside on proper application and sufficient evidence. The insistence of plaintiff is in substance that an order setting aside a decree may not be set aside.

No authority has been cited or found directly in point on the question. The case of Carmony v. Carmony, 112 Neb. 651, 200 N. W. 830, however, contains language which indicates that the power to do so exists. In that case the wife was granted a decree of divorce. The husband remarried within 6 months, and within 6 months the wife requested that the decree be vacated and set aside which request was granted. After the expiration of 6 months the husband filed an application to have set aside the order vacating the decree. Notice

of the application was not given to the wife but the court did set aside the order vacating the decree. The wife then filed a special appearance alleging the court was without jurisdiction to make the order on grounds that no notice was given her. After hearing the court found it was without jurisdiction to enter the order and set aside the order reinstating the decree of divorce. On appeal to this court this order was affirmed. It was affirmed not because of the lack of power to consider the question involved in the application but because the court was without jurisdiction since no notice had been given to the wife. In the opinion it was said: "This application or motion, being made after the term at which the order complained of was entered, required notice to be given. The only method by which the order could be disturbed was that which the statute prescribes." The statute to which reference was made was the same as section 25-2001, R. R. S. 1943. This section by its terms has application to the vacation of judgments or orders made after the term at which entered including orders in divorce cases. See Carmony v. Carmony, *supra*. This, therefore, appears to be authority for the court to vacate for cause an order setting aside a decree of divorce.

There is another reason which appears to sustain the right of the court to vacate an order setting aside a decree of divorce. It is to be observed that the statute is not in its terms restrictive as to the kind or character of judgment which may be vacated. This therefore indicates that the court has power to judicially determine the existence or nonexistence of ground for vacation.

It is substantially urged however that where a party has obtained a decree of divorce such party alone has the right to have it set aside, and if the right has been exercised the other party may not be heard to complain. As applied to this case the insistence is that the plaintiff exercised that right, and of her action the defendant has no legal right to complain.

Some support for this insistence may be found in Dudgeon v. Dudgeon, 142 Neb. 82, 5 N. W. 2d 133, but what was said in that case has been rejected by later decisions of this court. In Carpenter v. Carpenter, 146 Neb. 140, 18 N. W. 2d 737, this court said: "The statute provides that the trial court may, at any time within the six months, vacate or modify the decree. It places the control of the decree within the sound judicial discretion of the trial court. Of necessity the decree of a court cannot be controlled by the whim, or changing mind or desire of a litigant. The judgment of a court is not a plaything of the litigant. It is the solemn adjudication of the rights of parties. The decree represents the judgment of the court and not necessarily the desire of the litigant. Whether or not it is to stand, be vacated or modified, is to be determined by the court. The maintenance of our judicial system and the administration of justice by courts so require. To hold as defendant contends would be to reduce the judicial act to a mere ministerial function to be performed at the direction of the litigant." This statement was approved in Colick v. Colick, 148 Neb. 201, 26 N. W. 2d 820.

It would be inconsistent in law and equity and contrary to any reasonable attitude toward ethical considerations to say that although a judicial determination was grounded in fraud the court was without power, on proper and timely application, to protect its integrity and to restore the rights of parties prejudiced by the fraud. The conclusion therefore is that the court was empowered legally to set aside the order vacating the decree.

The question of whether or not there was justification for vacating the order depends upon a review of the record. Undisputed facts are that the parties were married in May 1934 and that three children were born of the marriage. The disposition of this case relates to only the youngest whose name is Patricia Vasa. She

was 12 years of age at the time the petition for divorce was filed in February 1954.

A brief summary of pertinent evidence is that the defendant lived on a ranch and had lived there since before the marriage; that the plaintiff had not lived at the ranch since 1950 or 1951; that within a short time after the decree of divorce was rendered plaintiff came to the ranch and represented to the defendant that she desired a reconciliation; that at first none was accomplished; that on an early occasion when she was at the ranch the two engaged in the sexual relation after which plaintiff represented to defendant that by reason thereof the decree of divorce became a nullity which representation he believed; that in that belief and in the light of representations by plaintiff that she was desirous of restoration of the normal marriage relation, but elsewhere than at the ranch, he signed a joint application to set aside the decree; that on a few occasions after the decree was vacated the plaintiff came to the ranch but never for any purpose other than a brief visit; that on some of these occasions she performed some services thereabouts but she never accepted the normal place of a wife in the household; that in furtherance of his belief in the sincerity of the representations and inducements of the plaintiff the defendant made every reasonable effort to obtain a place of abode for the parties at Ogallala, Nebraska; that no place was found which was acceptable to the plaintiff; that the defendant visited plaintiff on occasions but no place was ever found which became a common habitation of the two; that the plaintiff continued to remain away as had been true before the decree was rendered; that although in 1954 the plaintiff had an independent income of $2,100 she received from the defendant from July 26 to December 23, 1954, $2,893.70, and from January 15, 1955, to July 31, 1955, $1,350; that during the total period the defendant paid on her account $180.40, making a total received by her of $4,424.10; that the earnings of plaintiff in 1955

were $1,100; and that in an action for separate mainte-
nance instituted by plaintiff against defendant in the dis-
trict court for Scotts Bluff County, Nebraska, an order
was entered requiring the defendant to pay plaintiff
$175 a month for her support and that of Patricia Vasa
commencing on September 1, 1955, and an attorney's
fee in the amount of $100.

The defendant contends that the evidence of which
the foregoing is a summary makes it apparent that the
plaintiff did not act in good faith in the procurement of
the vacation of the decree and in effecting the pretended
reconciliation, but on the contrary her representations
and acts whereby the pretended reconciliation came
about were false, and a scheme and device designed to
avoid the operation of the decree particularly as to cus-
tody of Patricia Vasa, all of which was a fraud prac-
ticed upon the defendant and the court.

As against this charge of the defendant the plaintiff
gave evidence to the contrary a brief summary of which
with observations is as follows: She admitted unwil-
lingness to return to the ranch home provided by the
defendant. The only substantial reason was that she
had been advised that her physical condition would not
permit driving to and from the ranch. In this connection
it appears that 9 miles of road were without paving or
gravel, which 9 miles consisted of a two-track road.
No complaint was made as to ranch home facilities.
The evidence discloses that the facilities throughout
were modern. She admitted that no place was found in
Ogallala which was acceptable to her. She said that
none of sufficient size or proper location was found. She
gave substantially as her reason for starting the separate
maintenance action that she was in need of an operation
and knew that if she went to the hospital the defendant
would not furnish money to her. She testified to the
necessity for surgery at more than one place in her
testimony, but at no place therein is the basis for this
necessity made clear. There is no medical evidence. At

one point in her testimony appears an indication of a claim that the necessity had reference to a condition in her back and at another to her heart, but neither is made positive.

It conclusively appears that the defendant acted in good faith in his efforts to obtain a reconciliation and that he did all and more than could be reasonably expected of him to re-establish a common domicile for the parties and their family. He consented to and made sincere efforts to provide a domicile away from the ranch, even though this would have been burdensome to him in his activities as a rancher. From the time the decree was vacated to the end of July 1955 he paid to plaintiff or on her account $4,424.10, none of which was of benefit to him in anywise. It is pointed out here again that in 1954 plaintiff had earnings of her own in the amount of $2,100 and in 1955 of $1,100. The amount of money received by plaintiff over this period was over $2,000 more than she would have received under the decree. We are not unmindful of the fact that she would have been entitled to an additional amount of $1,500 under the decree on November 1, 1955, but it is apparent that these annual payments were to be regarded as advance rather than delinquent payments.

It also conclusively appears that the plaintiff did nothing which was consistent with a sincere purpose to restore the true and full marital status of these parties. The only thing she did to that end was to engage frequently with the defendant in the sex relationship.

It is not seriously contended that after the decree was vacated the defendant was guilty of any conduct or maintained an attitude the effect of which would be destructive of the marriage relation, except the bare statement of the plaintiff in relation to defendant's unwillingness to pay the expense of plaintiff's projected operation.

In the light therefore of the entire record with the reasonable inferences properly to be drawn from it the

conclusion reached is that there was an absence of good faith on the part of plaintiff in what she did to accomplish the vacation of the decree of divorce which amounted to a fraud upon the defendant and the court, and in the light of the controlling legal principles the order was properly vacated and set aside.

The next question for consideration presented by the assignments of error relates to the status of the action and the parties in the event of vacation of an order setting aside the order vacating a decree. The plaintiff insists that the parties are left as with a case for trial on the issues made by the pleadings in the action for divorce. No authorities have been cited and none have been found directly in point, but it appears that what is said in Carmony v. Carmony, *supra,* is contrary to the contention of the plaintiff.

In that case the court entered an order vacating an order whereby a decree was reinstated. The stated reason for vacation of that order was that notice had not been given to the opposite party. In that instance the case went back for trial of the issues made on account of the fact that the decree had been set aside.

In reason it would be inconsistent to say that the declaration that an order is invalid has the effect of destroying the valid order which the invalid order seeks to destroy.

The holding here is that with the vacation of the order setting aside the decree the decree became effective for all purposes and to the same extent as if it had never been vacated.

The next matter requiring consideration is a contention that the court erred in the amount of credit allowed by the court on the amount required to be paid by the defendant under the decree. The record in this respect has been examined and the conclusion reached is that plaintiff received by the decree a credit of $55.40 in excess of what the record shows she was entitled to receive.

Complaint is made that the court erred in limiting the allowance of an attorney's fee as it was limited. Ordinarily the allowance would be regarded as wholly inadequate, and what is said here is not to be regarded as either a reflection upon the ability of the attorney for plaintiff or the quality or value of his service. It is simply what is regarded as a reflection of the attitude which must be taken toward the issue presented and the determination thereon.

In a divorce action it is ordinarily within the discretion of the court to allow or refuse to allow suit money and attorney's fees. See, Blakely v. Blakely, 102 Neb. 164, 166 N. W. 259; Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232; Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 579.

This is not a case wherein it may well be said that the court abused its discretion by failure to allow a fee larger than the one allowed in the light of the conclusion reached as to the merits of the action. The action is based upon fraud. The district court has found, as has also this court, that the charge has been sustained. It ought not to be required that the defendant should be made liable for the effort of the plaintiff to retain the benefits of her fraudulent acts. The court did not err in this respect. There are other assignments of error in the brief but in the light of what has been said they do not require consideration herein.

The order of the district court vacating the order of dismissal and reinstating the decree of divorce is affirmed in all respects except as to the custody of Patricia Vasa. The custody of this child shall be restored to the defendant under the conditions set out in the decree and the defendant is relieved from the obligation to make further payments to plaintiff for child support. The custody is restored in conformity with the requirements of law.

Section 42-312, R. R. S. 1943, provides as to change of custody in actions for divorce the following: "If the

circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

In this case neither of the parties has filed a petition for revision as to custody of the minor child. In construing the power of the court to act on its own motion this court said: "* * * unless the parents or other parties in interest have voluntarily entered an appearance, the court has no authority or jurisdiction to do so without notice to such parties and opportunity given them to appear and be heard." Morehouse v. Morehouse, *supra*. In this case it is true that the parties were before the court but no question of custody was involved. The action of the court in this respect was without notice, hence the court was without jurisdiction in this respect.

The judgment is therefore reversed and the cause remanded with directions to amend the order setting aside the order vacating the decree in conformity with this opinion. Plaintiff's costs are taxed to her and the costs of defendant to him.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.