LYDIA HAUG, APPELLANT, v. LLOYD F. HAUG, APPELLEE.

238 N. W. 2d 455

Filed February 5, 1976. No. 40137.

Lydia Haug, pro se.

Erickson, Sederstrom, Johnson & Fortune, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

This is an appeal from an order of the District Court for Douglas County entered on February 24, 1975, upon the petitioner's application for modification of the original decree as to alimony; respondent's answer to that application; respondent's petition for modification of child support; the petitioner's application for change of custody of Daniel Haug, child of the parties, and for attorney's fees and costs; and respondent's answer to the application. The order of February 24, 1975, denied the application for alimony; continued legal custody of Daniel Haug in the court with possession in the petitioner; and directed the payment of child support for maintenance of Daniel Haug in the amount of $600 per month commencing October 10, 1974, with credit being given for interim payments made. The order further directed that each party pay his own attorney's fees and costs but directed the respondent to pay the sum of $150 to the court-appointed guardian ad litem for Daniel Haug.

The petitioner, Lydia Haug, represents herself pro se in this court. The respondent, Lloyd F. Haug, appears by counsel.

We take note of and consider the errors claimed by the petitioner only insofar as our appellate jurisdiction permits us to do so. We cannot, therefore, take notice of other litigation not before us on this appeal; evi-

dentiary matters not included in the bill of exceptions; and previous orders which became final because not appealed from and which are, under the law, not subject to modification. Neither can we make procedural rules especially for this case, but we must adhere to those applicable and already established.

The basic issues here are: (1) Whether the trial court had power under the pertinent case authority and statutes to award alimony and, if it did, whether the evidence justified an award of alimony. (2) Whether the order re child custody and child support was proper. (3) Whether the petitioner should have been awarded a sum for the services of her attorney. We affirm the judgment of the District Court.

Some of the history of the litigation is necessary for a proper consideration of the first issue. Lydia Haug was granted a divorce from Lloyd F. Haug on September 1, 1970, and was awarded custody of the two sons of the parties, David and Daniel. The divorce decree incorporated an agreement which had been entered into by the parties and which was entitled: "AGREEMENT FOR SETTLEMENT OF PROPERTY, CHILD SUPPORT, CUSTODY AND VISITATION." That agreement, among other things, provided: "5. The Defendant shall pay the Plaintiff for the support and maintenance of the minor children of the parties hereto through the office of the Clerk of the District Court of Douglas County, Nebraska the sum of One Thousand and no/100 Dollars ($1,000.00) per month for one year commencing August 1, 1970, payable on the first day of each month through July, 1971, the sum being Five Hundred and no/100 Dollars ($500.00) per month per child. Thereafter he is to pay the sum of Seven Hundred Fifty and No/100 Dollars ($750.00) per month, said sum being Three Hundred Seventy-Five and No/100 Dollars ($375.00) per month per child payable on the first day of each month until said minors reach twenty years of age, become emancipated, die, or while each child is

regularly enrolled as a full-time student in an institution of higher learning and is regularly pursuing a course of study to attain a degree and is in good standing in said institution."

On June 15, 1973, pursuant to an application of Mr. Haug, filed on November 10, 1972, the court changed custody from the petitioner to the court and by its order incorporated a stipulation which had been entered into by the parties. This stipulation provided in part: "5. That if the boys shall choose to remain in the physical possession of the plaintiff then the defendant shall continue to pay maintenance that he has been paying in preceding months, namely, $1,000 per month; that in the event one of said children shall remain with the plaintiff the defendant shall pay maintenance of $750 per month and all of said maintenance payments shall continue for such period of time as originally designated in the decree heretofore entered in this matter or until further order of Court.

"6. That in the event that the boys remain in the possession of the defendant maintenance to the plaintiff shall be reduced to the sum of $500 per month for one year after the date of commencement of residence of the children with the defendant."

Petitioner argues that the original agreement for child support, incorporated in the September 1, 1970, order, was, in fact, intended to be in part an award for support for her and that it is therefore subject to future modification under the provisions of section 42-365, R. S. Supp., 1974, which contains provisions authorizing modification of awards of alimony. Petitioner's interpretation of the agreement is without legal basis. The monetary awards provided for in paragraph 5 are, by the unambiguous terms thereof, "for the support and maintenance of the minor children of the parties." There is no way the agreement or the September 1, 1970, order of the court incorporating it can be construed otherwise. Under that agreement Mrs. Haug

was awarded certain real estate, apparently the home of the parties, all the furniture and fixtures therein, and an automobile. The order incorporating the agreement recites as part of the court's findings that "the parties have entered into an agreement setting forth the property rights of the parties and have agreed upon alimony and child support payments." It then incorporates the "agreement." Petitioner argues that the inclusion by the court of the term "alimony" in the court's recital has the effect of making the payment alimony in part. The use of the word "alimony" may be a mere inadvertence, or it may be a loose reference to the division of property which is sometimes referred to somewhat improperly as alimony. The order itself, however, was very specific and contains no reference to alimony. It recited: "WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff be and hereby is granted an absolute divorce from the Defendant, and the custody of the children of the parties subject to rights of visitation as set forth in Exhibit 'A'.

"IT IS ORDERED that the Defendant shall pay support for said minor children as set forth in Exhibit 'A'.

"IT IS ORDERED that the property settlement, child support and visitation rights agreement, marked Exhibit 'A' and attached hereto is hereby approved and adopted as part of this decree."

It is next pointed out that paragraph 6 of the stipulation approved by the court on June 15, 1973, does award alimony and it is argued that this award is subject to modification under the provisions of section 42-365, R. S. Supp., 1974, even though the original decree is not subject to modification. Respondent in effect concedes that paragraph 6 provides for alimony which he voluntarily agreed to pay, but argues that it is alimony in gross and not modifiable unless a change of circumstances is shown, and urges that the evidence shows no change of circumstance. This was the position taken by the District Court in its order of February

24, 1975, which is the order from which this appeal was taken.

. Section 42-365, R. S. Supp., 1974, provides in part: "Unless amounts have accrued prior to the date of service of process on a petition to modify, orders for alimony may be modified or revoked for good cause shown, but when alimony is not allowed in the original decree dissolving a marriage, such decree may not be modified to award alimony." It is clear that under this provision of the statute the decree of September 1, 1970, was not subject to modification to award alimony because that decree made no alimony award. Is the order of June 15, 1973, incorporating the voluntary agreement by Mr. Haug to pay alimony for a 12-month period, subject to modification under the terms of that statute, that is, may the order of June 15, 1973, incorporating the voluntary agreement of the respondent be interpreted as an "original decree dissolving a marriage" so as to bring it within the terms of section 42-365, R. S. Supp., 1974? The answer, we think, for reasons we will elaborate, is no.

First of all, the order and stipulation of June 15, 1973, is not within the literal language of section 42-365, R. S. Supp., 1974. Secondly, the pertinent provision of section 42-365, R. S. Supp., 1974, with which we are concerned, seems to incorporate the law relative to modification of alimony awards as the law existed previous to the marriage dissolution act of 1972. Before the act of 1972, section 42-324, R. R. S. 1943, provided in part as follows: "After a decree for alimony or other allowance for the wife and children, or either of them, . . . the court . . . may revise and alter such decree respecting the amount of such alimony . . . ." Previous to the marriage dissolution act, even under statutes such as section 42-324, R. R. S. 1943, it was generally held that if the decree awarded no alimony there was nothing to modify and the statutory provision was inapplicable. In the annotation at 83 A. L. R. 1248, it is stated: "It

seems to be well settled, apart from statutory considerations, that, when alimony is in issue and is omitted from the decree, it cannot thereafter be inserted, at least in the absence of fraud or mistake." Cases are cited from Arizona, California, Georgia, Iowa, Kansas, Maryland, Michigan, New York, South Dakota, and Wisconsin.. At page 1250 of the same annotation, we find the following: "It has been generally, though not invariably, held that statutes permitting modifications or changes as to alimony do not apply where no alimony has been granted in the decree." Cases are cited from 14 different jurisdictions. In Kelkenney v. Getsey, 137 Neb. 416, 289 N. W. 795, an action for reformation of a divorce decree to provide for alimony, we denied relief. The original decree had made no alimony award and we at least implied that the rules just cited were the law in this jurisdiction. The theory was one of res judicata—whatever aspects of alimony were or could have been litigated in the divorce action cannot be attacked collaterally if the court does not award alimony in the original decree. See 24 Am. Jur. 2d, Divorce and Separation, § 651, p. 770. See, also, 43 A. L. R. 2d 1393.

Thus it appears that, except for the voluntary agreement of Mr. Haug to pay alimony in the stipulation incorporated in the order of June 15, 1973, the District Court would have had no power to make an award of alimony at that time. If we were to adopt petitioner's position, it would result in imputing to the Legislature the anomalous intention of permitting modification of an order affirming a voluntary agreement to pay alimony entered subsequent to the original decree where the court would have no authority otherwise to order modification. This would discourage court-ratified, voluntary, subsequent agreements to pay alimony because such voluntary action might become the basis for a continued obligation under section 42-365, R. S. Supp., 1974. We think such voluntary agreement ought not

to be discouraged. We note in passing that uncertainties need not exist in cases hereafter if pertinent provisions of the new statutes are carefully followed by the parties and the court. We point out specifically the following: "Except as otherwise agreed by the parties in writing or by order of the court, alimony orders shall terminate upon the death of either party or the remarriage of the recipient." § 42-365, R. S. Supp., 1974. "Except for terms concerning the custody or support of minor children, the decree may expressly preclude or limit modification of terms set forth in the decree." § 42-366(7), R. R. S. 1943.

Because of our determination that section 42-365, R. S. Supp., 1974, has no applicability to the alimony award approved by the order of June 15, 1973, it is not necessary for us to review de novo the District Court's determination that there was no change of circumstance which would have justified a modification of the alimony award if section 42-365, R. S. Supp., 1974, were applicable. Nonetheless, we have carefully read the bill of exceptions and have come to the same conclusion as did the trial court.

For the reasons given, the District Court did not err in denying a modification of the alimony award.

We now turn to the child custody and child support issues. Pursuant to the previously mentioned agreement between the parties, both sons, David and Daniel, chose to go to Texas to live with their father. In August 1974 Daniel, the youngest, who was 16 years of age at the time of trial, returned to Omaha for a visit with his mother and decided to remain with her. Thereafter Mr. Haug filed the previously mentioned application for modification of child support payments. Mrs. Haug, among other things, filed the application for change of child custody. The court denied the request for change of child custody and awarded child support to Mrs. Haug in the amount of $600 per month. Mrs. Haug asserts the amount is insufficient. We have read

the record as it pertains to that issue. We find no abuse of discretion by the trial court in determining the amount of the award. Neither did the trial court abuse its discretion in denying an award of attorney's fees to Mrs. Haug. Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108. Each party will pay his own costs and attorney's fees in this court.

AFFIRMED.